J. N. MURRELL v. R. F. SCOTT.

1. CREDITOR AND SURETY.—Where a creditor has personal security, and, in addition, has a mortgage or other collateral security for the same debt, the surety, upon discharging the debt, is entitled to have the collateral security assigned to him; and if the creditor loses it, by negligence or by design, so that the surety cannot be subrogated to it upon his discharging the principal debt, the surety is discharged to the extent of the collateral security so lost.

2. SURETY—TRUSTEE.—If, however, such collateral security is confided to a trustee, the common agent of both owner and creditor, the creditor cannot be charged as bailee of the trust property. If the creditor procures or connives at the mismanagement of the trustee, he may be held responsible for the result of such mismanagement.

3. TRUSTEE—CREDITOR.—A trustee is not an agent of the creditor to such an extent as to render the creditor responsible for his want of diligence in executing the trust, nor will the subsequent assent by a creditor to what the trustee has already wrongfully done or neglected, relate back and make the creditor responsible for a loss to the trust fund already incurred.

APPEAL from Cooke. Tried below before the Hon. J. A. Carroll.

Action was brought in the District Court of Cooke county, May 1, 1877, by R. F. Scott, against J. N. Murrell, J. M. Hobbs, and William H. Hobbs, executor of John R. Hobbs, to recover a balance alleged to have been due upon a promissory note for the sum of $910, dated January 17, 1876, due six months after date, bearing interest at the rate of four per cent. per month from maturity, signed by said J. M. Hobbs, John R. Hobbs, and Murrell, and payable to R. F.

Scott.   No evidence of the suretyship of either of the three appears on the face of the note.

Murrell pleaded, first, that he was not a principal in the note, but only surety for J. M. Hobbs; second, that he was a surety on the note for J. M. Hobbs; that at the time of its execution J. M. Hobbs, in order to better secure the same, executed a trust mortgage upon a stock of range horses worth $3,000, and that Scott negligently and wrongfully lost the greater part of said mortgage security, so that Murrell could not be subrogated to the same upon discharging said note.

On the 17th of July, 1877, this cause, after being postponed as to defendant William H. Hobbs because twelve months had not elapsed since his qualification as executor, was tried before a jury as to the other defendants, and resulted in a judgment against J. M. Hobbs, as principal, and Murrell, as surety, for $850, the same being the full amount due upon the note.   From this judgment, after his motion for a new trial was filed and overruled, Murrell brought the case up by writ of error.

The verdict on which the judgment was rendered was as follows, viz.: "We, the jury, find the defendant Murrell a surety to plaintiff's note, and find for plaintiff a judgment for $1,011.10."   The plaintiff entered a remittitur for $160.10.

It should also be stated that the defendant pleaded that the mortgage was intended as additional security, and that one Potter was named therein as trustee, with power to sell the horses and apply the proceeds of sale to the payment of the debt.

It was also averred that, by the consent of appellee and over the protestations of appellant, the trustee neglected his duty under the trust, and, by carelessness and mismanagement, permitted the trust property in a large measure to be lost.   By reason thereof it was insisted that appellant was discharged from all further liability on the note.   The evidence upon the defense was conflicting.

The fifth instruction by the court was as follows, viz.: "A trustee, in accepting and performing his duty as such, will

look to the instrument creating the trust for his guide in performing such trust.  He will not, as a matter of legal right or liability, be required to do or perform any act not expressly required by the terms of the instrument creating such trust."

The court charged the jury in its sixth charge: "The plaintiff was not legally bound to require the trustee (Potter) to proceed to carry out the terms or conditions of said trust deed, and any failure or default of Potter to fully carry out said trust will not affect the legal right of the plaintiff to recover said note, unless it is further shown that such failure or default was procured by the fraudulent acts or procurement of plaintiff, or expressly authorized by him."

Appellant asked the court to charge the jury—

"1.  C. C. Potter, the trustee, was the agent of both J. M. Hobbs and R. F. Scott.  If any of the property mentioned in the trust mortgage was lost by the want of ordinary diligence or by the mismanagement of said Potter, you will find for defendant Murrell, if the amount of the property so lost was equal in value to the balance due upon the note sued on; and you will in like manner find for said defendant, if the value of said property so lost has not been established by proof. If the proof should show the value of said property so lost, and that said value is not equal to the amount due upon said note, then you will, as to said defendant, deduct the value of said property from the amount due on said note.

"2.  If any of the property mentioned in said trust mortgage was lost by the want of ordinary care or by the mismanagement of said Potter, and plaintiff consented to the acts and omissions to act of said Potter which caused the loss of said property, or ratified or agreed to the same after said acts or omissions to act, you will find for defendant Murrell in accordance with the first instruction herein requested."

Both of these charges were refused and exceptions taken.

*W. O. Davis* and *Walton, Green & Hill*, for plaintiff in error.
I. Though Murrell does not appear on the face of the note

sued on to be a surety, yet it can be shown by parol evidence that he was in fact a surety, and that Scott knew this at the time he accepted the note in order to let in a defense which Murrell has against Scott, founded on the laches and willful acts of Scott, resulting in the loss of a collateral security to which Murrell would have been subrogated upon his discharging said note.

Murrell does not appear on the face of said note to be surety, but the proof showed that he was in fact surety for J. M. Hobbs, the principal, and that this was known to Scott at the time he accepted the note; and the jury so found in their verdict. (Burke v. Cruger, 8 Tex., 67, 68; Smith v. Doak, 3 Tex., 215; 1 Pars. on Notes and Bills, 233; 2 Am. Lead. Cas., pp. 444–448.)

II. A power of sale given in a mortgage draws to it, by implication, the authority to do all things necessary to render the power effective, and imposes a corresponding legal liability. (Story on Agency, 58; Perry on Trusts, 602q.)

III. Where a creditor has personal security, and, in addition to it, has a mortgage or other collateral security for the same debt, the surety, upon discharging the debt, is entitled to have the collateral security assigned to him; and if the creditor loses it, by negligence or by design, so that the surety cannot be subrogated to it upon his discharging the principal debt, the surety is discharged to the extent of the collateral security so lost. (Sublett v. McKinney, 19 Tex., 444; King v. Baldwin, 2 Am. Lead. Cas., 394–411; 2 White & Tudor's Lead. Cas. in Eq., p. 1890; Hayes v. Ward, 4 Johns. Ch., 123; Jones on Mort., secs. 1770, 1771; Story on Agency, secs. 90, 252–260; Herm. on Chat. Mort., sec. 157; Am. Lead. Cas., pp. 352, 402; Rees v. Berrington, 2 White & Tudor's Lead. Cas. in Eq., (Notes,) pp. 370, 374–378; Goode v. Comfort, 39 Mo., 325; Taylor v. Stearns, 18 Grat., 266; 49 Ill., 370; Sherwood v. Saxton, 63 Mo., 78; Story's Eq. Jur., sec. 325.)

IV. If Potter, the trustee, wrongfully postponed the sale

and suffered the security to become lost, and Scott consented to the acts of Potter, or ratified them after they were performed, Murrell should be discharged to the extent of the security so lost.

V. If trustee Potter negligently and wrongfully suffered the mortgage security to be lost, Scott would have a cause of action against Potter, which would go to the surety upon his payment of the debt; but if Scott consented to the acts of Potter, ratified them, or stood by, knowing what was being done, and interposed no objection, or was designedly absent, he thereby waived all right of action against Potter, and Murrell cannot succeed to it through Scott, and should be discharged, the same as if Scott had closed the mortgage itself.

VI. Trustee Potter was Scott's agent to collect the note, and an offer to pay the note made to Potter by Murrell was the same as if made to Scott. (Story on Agency, secs. 86–103*a*.)

*Sparks & Barrett*, for defendant in error.—We do not deny that the appellant, under the statute, (Paschal's Dig., art. 4785,) had the legal right to present to the court the issue of suretyship, and to invoke its judgment as a protection to him, as against his principal. This is clearly the sense of this statute, and to this extent only it modifies the common law. Before the enactment of this statute, no such a plea could be entertained for any purpose; for those who had bound themselves as co-obligors or co-makers of a joint and several contract, could not show that they were sureties when they appeared as principals in the contract; (Kingsbery *v.* Vernon, 3 Saund., 361;) and such is now the rule in both England and this country. (Deberry *v.* Adams, 9 Yerg., 52; Herm. on Est., 474.)

There was no issue between the makers of the note upon this question, but the plea of appellant was in the nature of a confession and avoidance, and purported to set up a defense

as against the holder of the note. That such a plea could not be entertained, was decided by this court at an early day. (Scott *v.* Dewees, 2 Tex., 153.) And though there was a divided court in the case above cited, Judge Hemphill dissenting in this and in a subsequent case presenting the same question, (Ritter *v.* Hamilton, 4 Tex., 327,) yet as early as the case of Ennis *v.* Reynolds, 6 Tex., 85, the question was finally settled as above stated, Chief Justice Hemphill saying: "I did not concur in the decision made in Scott *v.* Dewees nor in that of Ritter *v.* Hamilton, but those decisions have settled the law for the court, and I do not feel authorized to dissent further or to depart from the rules established by those cases."

We take it, therefore, that to entitle one of several makers of a note to the privilege of showing that he was a surety for any other purpose than that expressed in the statute above quoted, he must have signed as a surety. (6 Tex., 325.)

The cases cited by appellant in support of his plea, (Smith *v.* Doak, 3 Tex., 215, and Burke *v.* Cruger, 8 Tex., 67,) do not apply in cases like this, as explained in Ritter *v.* Hamilton, 4 Tex., 327.

It was certainly as much the duty of the makers of the note to pay it off promptly on its maturity, as it was of the holder to collect it. And for the purpose of availing the benefit of the trust fund, the trustee in the mortgage was the agent of the mortgagor, and the creditor cannot be prejudiced by the acts or omissions of the trustee, unless he is chargeable in some way with the mismanagement of the trustee. (Smith *v.* Kinney, 33 Tex., 283; Ward *v.* Newell, 37 Tex., 261.)

*Hancock, West & North*, also for defendant in error.—Potter, the trustee named in the deed of trust on the stock of horses given to secure the note, was not bound to incur the risk, expense, and trouble of taking and retaining bodily possession of the horses, either before or after the making of the note, unless required to do so by the terms of the trust deed

or by Hobbs; and Murrell, as security for Hobbs, has no right of action against Scott for the acts of Potter done or omitted with Scott's approval, in accordance with the terms of the trust deed, or not required by its terms or by Scott. (2 Wash. on Real Estate, 3d ed., p. 81; Finlay *v.* Merriman, 39 Tex., 56; Ferguson *v.* Reed, 45 Tex., 582.)

· Potter, the trustee in the mortgage, while proceeding under the mortgage at Scott's request, was not Scott's agent alone; he was a stakeholder, trustee, and agent for all parties; and Scott could only be liable to Murrell for such torts or gross negligence of Potter as he (Scott) directly caused. (Ward *v.* Newell, 37 Tex., 264; Kennedy *v.* Briere, 45 Tex., 308.)

GOULD, ASSOCIATE JUSTICE.—One of the propositions of plaintiff in error is thus stated: "Where a creditor has personal security, and, in addition, has a mortgage or other collateral security for the same debt, the surety, upon discharging the debt, is entitled to have the collateral security assigned to him; and if the creditor loses it, by negligence or by design, so that the surety cannot be subrogated to it upon his discharging the principal debt, the surety is discharged to the extent of the collateral security so lost." This proposition is supported by the authorities cited by counsel, and is regarded as established law.

Where the mortgaged property or other collateral security is intrusted directly to the creditor, he becomes a bailee, and is liable for injuries to the trust fund growing out of his negligence or misfeasance as such bailee. (2 Am. Lead. Cas., 5th ed., p. 401; 3 Lead. Cas. in Eq., p. 554; Brandt on Suretyship, sec. 384.)

Where, however, the property is placed, not in the hands of the creditor, but in the hands of a trustee, the common agent of the owner and the creditor, the creditor is not a bailee, and is not chargeable as such. In accepting the deed of trust, he doubtless assumes some new obligations; but so long as he discharges those obligations, he is not responsible

for the negligence or mismanagement of the trustee. If he procures or connives at such negligence and mismanage-ment, they may well be imputed to him as his own. But the proposition that the trustee is the agent of the creditor in such a way as to make the creditor responsible for the trustee's want of diligence, is one to which we do not assent; nor are we prepared to affirm as law that a subsequent ratification or assent by the creditor to what the trustee had already done or neglected to do, will relate back and make him responsible for a loss to the trust fund already incurred.

It follows from these views that the court did not err in refusing the instructions asked.

In regard to the charge as given, it is not, perhaps, a full presentation of the law of the case, but it is not believed that the parts complained of embody such error as operated to the material injury of the plaintiff in error. The postpone-ment of the sale and the appointment of an incompetent agent to take charge of the stock, seem to be the main grounds of complaint against the trustee. In regard to the postponement, the evidence is that it was the act of the trustee at the request of the principal debtor, the owner of the trust property; and if, under the circumstances, it was wrong-ful, it was not, so far as the evidence shows, procured by the creditor Scott or assented to by him in advance. But, aside from this, it is not perceived that the charge, in so far as it may bear on this point, is subject to any further objection than that it is not sufficiently full and explicit. In so far as the charge bears on the liability of Scott for the neglect or mismanagement of the trust property by the trustee, it is believed to be substantially correct.

We see no reason to believe that the jury were misled by anything in the charge to the prejudice of the plaintiff in error. The judgment is affirmed.

AFFIRMED.

## ON MOTION FOR REHEARING.

GOULD, ASSOCIATE JUSTICE.—In overruling the application for rehearing in this case, we remark—

1st. That the assumption that there was a contract between Murrell and Scott, (whether it be intended that it was but a part of the original transaction in which the note sued on was given, or that there was a subsequent and separate contract between them,) by virtue of which Scott was bound to resort primarily to the deed of trust and to use diligence in having it speedily enforced, is, under the pleadings and evidence in the record, unauthorized.

2d. The assumption that Scott stood by and assented to the employment by the trustee of an incompetent person to take charge of the stock, is unauthorized by the evidence. The charges of the court have reference to the pleadings and the evidence in the case. Whether a creditor might not by his conduct, without any fraudulent intent, preclude himself from suing the trustee for mismanagement, and thereby discharge the surety, is a question on which we do not feel called to pass. The charge of the court relieved the surety to the extent of any loss growing out of the "misconduct of Potter, aided or abetted by plaintiff"; and, with reference to the pleadings and evidence, we repeat the remark that it was substantially correct.

3d. The surety, instead of paying off the note and himself assuming the place of the creditor, has seen fit to rely on defenses based on the idea that the trustee, in the care and management of the trust fund, was but the agent of the creditor. If the result be one of some hardship as to him, that constitutes no sufficient reason for reversing the judgment.

MOTION OVERRULED.