### EMBREE & KEYS v. JOSEPH STRICKLAND ET AL.

(No. 1694, Op. Book No. 3, p. 752.)

APPEAL from Bell County.    Opinion by WATTS, J.

§ 1299. *Surety; rights of; discharged, when.* H. became surety upon a note for S. payable to V. At the time of executing the note, S. also executed to V. a mortgage upon his cotton crop to secure the payment of the note. After the maturity of the note, E. & K. purchased the same, and the mortgage securing it, from V., and sued upon the note. S. was indebted to E. & K. upon account, and under the mortgage they had purchased from V. they secured the cotton crop of S. and applied the same to the payment of his indebtedness by account to them. V. knew at the time of the execution of the note that H. was merely a surety thereon, and that he was induced to sign the same because of the mortgage which S. gave to secure its payment. In defense, H. pleaded and proved his suretyship, the execution of the mortgage, and that he was thereby induced to sign the note; that V. knew the fact of his suretyship, and the inducement which caused it; that E. & K. had received from S. the cotton crop upon which the mortgage was given, and had appropriated the same on other alleged indebtedness, etc. E. & K. claimed that the other indebtedness upon which they had credited the proceeds of the cotton crop was for advances and supplies furnished by them as landlords to S. as their tenant, to enable him to make a crop, etc., and that the same constituted a lien upon the cotton superior to the mortgage lien. S. was insolvent, and the mortgage had been recorded, and H. at

the time he signed the note had no notice, actual or constructive, that any landlord's lien existed upon the crop which was mortgaged to secure the note.   *Held*, 1. The mortgage, from the time it was filed for record, took precedence of any advances made after that time.   If there had been a written agreement between the parties as to the advances to be made, and the same had been recorded before the execution of the mortgage, it might be that advances subsequently under the agreement would constitute the superior lien.   But, in a case like this, the mortgage would certainly take priority, and would be first entitled to satisfaction out of the cotton.   2. H., the surety, was discharged from liability on the note to the extent of the proceeds of the cotton received from S.   [Murrell v. Scott, 51 Tex. 520.]   The judgment of the court below discharged H., the surety, from liability, and was

Affirmed.