RICHARD PRICE *vs.* DANIEL D. DOYLE and others.

December 24, 1885.

**Contractor's Bond to Owner of Building—Voluntary Payment.**—A contractor for the construction of a building for the plaintiff became obligated to him by a bond, with sureties, to pay the debts of the contractor to laborers and material-men. The plaintiff, having paid a debt of the contractor for material, cannot recover the sum so paid, in an action upon the bond, unless such payment was necessary for the protection of his property from a lien therefor; otherwise the payment would be voluntary.

**Pleading—Mechanic's Lien.**—An allegation in a complaint of the filing of a lien-account on a certain day, and that the same "constituted and was a valid lien upon the premises," is the statement of a mere legal conclusion; it not appearing that the account was filed during the statutory period within which a lien might be thus perfected.

Appeal by plaintiff from an order of the district court for Ramsey county, *Simons,* J., presiding, sustaining a demurrer to the complaint.

*Chas. D. Kerr,* for appellant.

*O'Brien, Eller & O'Brien,* for respondents.

DICKINSON, J. Action upon a penal bond executed to the plaintiff by the defendant Doyle as principal, and by the other defendants as sureties. The defendants demur to the complaint. The complaint shows that Doyle entered into a contract with the plaintiff, in May, 1883, to construct a stable upon land of the latter, and to furnish the labor and material therefor, and that this bond was made to secure the plaintiff from liens upon the premises for labor done or materials furnished to Doyle in the performance of his contract. The complaint further alleges the furnishing of material to Doyle by certain

persons, Pollock and Weisner; that $815.03 of the price thereof was due and unpaid on the seventh day of March, 1884; that on that day Pollock and Weisner duly made and verified, under the provisions of the statute relating to mechanics' liens, an account, and caused the same to be filed and recorded; that "said account and lien so filed   *   *   *   constituted and was a valid and specific lien upon the premises;" that the defendants neglected and refused to pay the debt of Pollock and Weisner, and that the plaintiff was obliged to and did pay it in order to protect his property and discharge the lien. A recovery is sought of the amount so paid.

The bond is set forth in the complaint.   The condition of the bond is that if Doyle shall pay all just claims for labor and material as they become due, the obligation shall be void.   In several respects, not necessary to be specified, the bond was not such as is provided for in the statute as a means of preventing the attaching of liens. Effect should, however, be given to it as a common-law obligation, it having been voluntarily executed, and containing no condition contrary to the law.   *Holbrook* v. *Klenert*, 113 Mass. 268; *Sweetser* v. *Hay*, 2 Gray, 49.

The complaint is insufficient to entitle the plaintiff to recover substantial damages; and the point is not suggested that it was error to sustain the demurrer because there might have been a recovery of merely nominal damages.   Irrespective of the alleged purpose for which the bond was executed, it seems apparent from the bond itself that it was executed for the protection of this plaintiff, and not for the benefit of subcontractors.   To the contract between Doyle and Pollock and Weisner, the plaintiff was not privy; no obligation rested upon him in respect thereto.   He had not the right to *voluntarily* pay the debt of Doyle and to recover over against him.   1 Pars. Cont. *471; *Nichols* v. *Buckman*, 117 Mass. 488; *Exall* v. *Partridge*, 8 Term Rep. 308.   The property of the plaintiff, however, was liable to be charged with a lien, and appropriated to the payment of the debt; and against this the plaintiff might protect himself.   For payments necessarily made for that purpose Doyle would be liable irrespective of the bond, and all of the defendants would be so liable upon the bond.   But only as to claims which might be enforced against the

v.34m—26

premises had the plaintiff a right to make such payment, and to recover over from the party whose debt he assumes thus to discharge. It was therefore necessary, in order to show a right to recover the sum paid to Pollock and Weisner, that it be made to appear that they had a lien upon the property, or that for some other cause the payment was compulsorily made, and in this the complaint is defective. It does not appear that the lien account was filed within the period limited by statute therefor. The creation and existence of a lien is stated only as a legal conclusion. So, too, the statement that the plaintiff was obliged to make the payment to discharge the said lien is but a conclusion of the mind. The facts do not appear. The existence of a lien making the plaintiff's payment compulsory, and not voluntary, is not mere matter of inducement which might be stated with less particularity than the ordinary facts constituting the cause of action. It is of the very substance of the cause of action for which a recovery is sought.

The demurrer was properly sustained, and the order is affirmed.