EDWIN V. HOLCOMBE *vs.* GUSTAV A. MATTSON *et al.*

Argued June 7, 1892.   Decided July 1, 1892.

## A Contractor's Bond to Pay for Work and Materials Construed.

A landowner entering into a contract with a contractor for the erection of a building by the latter took a bond upon the contractor, with sureties, conditioned that it should be void if the contractor should pay all just claims for work and material furnished. The contractor having abandoned the contract, the owner himself completed the building, and sued on the bond to recover for the expenditures made by him in so doing. *Held*, that the sureties were not liable, the breach assigned not being the same as that for which they became responsible.

Appeal by plaintiff, Edwin V. Holcombe, from an order of the District Court of Ramsey County, *Kelly*, J., made January 5, 1892, sustaining a demurrer to the amended complaint.

On September 27, 1890, the defendants Gustav A. Mattson as principal, and Andrew P. Croonquist and Magnus Tangelin as sureties, executed to plaintiff a bond for $3,000 pursuant to 1878 G. S. ch. 90, § 3, for the use of all persons who might do work or furnish materials for Mattson in building a house for plaintiff. The bond was on condition that if Mattson should pay all just claims for all work done and to be done, and all materials furnished and to be furnished, pursuant to a building contract with plaintiff, as the claims become due, then the obligation to be void.

The amended complaint set out the bond, and for breach alleged that Mattson failed to complete the work; that plaintiff took possession of the house and of all materials on hand and finished the work at an expense of $1,786.57 in excess of the contract price. Plaintiff demanded judgment for that sum with interest and costs. Mattson did not appear or defend. The sureties demurred to the complaint on the ground that it did not state facts sufficient to constitute a cause of action. The demurrer was sustained, and plaintiff appealed.

*Holcombe & O'Reilly,* for appellant.

Before delivery of this bond, 1878 G. S. ch. 90, was repealed, and the bond, therefore, is not operative as a statutory bond. Effect

should, however, be given to it as a common law obligation, it having been voluntarily executed, and containing no condition contrary to law. *Price* v. *Doyle*, 34 Minn. 400; *United States* v. *Tingey*, 5 Pet. 115; *Williams* v. *Coleman*, 49 Mo. 325; *Bulkley* v. *Finch*, 37 Conn. 71.

The bond was made to the plaintiff as trustee, for the use and benefit of all persons who were to do work or furnish materials, and the amount of the bond was payable to the plaintiff for the use of such persons. This being the case, and the plaintiff being secondarily liable to these beneficiaries, by making payment to them acquired whatever security they held for the payment of their claims; which was their right of action on this bond. His relation to the beneficiaries was that of a surety, and by paying them he became subrogated to their rights against the sureties on the bond. *Cassan* v. *Maxwell*, 39 Minn. 391; *Marsh* v. *Pike*, 10 Paige, Ch. 595.

Where a person paying a debt stands in the situation of a surety or guarantor, equity substitutes him in the place of the creditor, as a matter of course, without any special agreement to that effect. *Miller* v. *Stout*, 5 Del. Ch. 259; *McCormick* v. *Irwin*, 35 Pa. St. 111; *McArthur* v. *Martin*, 23 Minn. 74; *Mathews* v. *Aikin*, 1 N. Y. 595; *Talbot* v. *Wilkins*, 31 Ark. 411; *Hall* v. *Hoxsey*, 84 Ill. 616.

Plaintiff was the trustee of an express trust, as defined by 1878 G. S. ch. 66, § 28, and as such could have brought suit in his own name, as provided thereby, even if he had not paid the claims of the beneficiaries.

*Kueffner & Fauntleroy*, for respondents.

The breach of the bond alleged, is not the nonpayment of the claims for labor or material, but that Mattson failed to prosecute the work with promptness and diligence and was unable to complete the same. This is not a breach provided for in the bond. The case at bar is identical with the case of *Price* v. *Doyle*, 34 Minn. 400.

It nowhere appears that Mattson failed to pay for labor he employed, or material he purchased, or that plaintiff was compelled to pay any debt contracted by Mattson. It only appears that Mattson failed to complete the house, and that plaintiff completed the work

himself, at an expense of $1,786.57 above the contract price. This shows no debt paid by plaintiff for which he was a surety, or any claim to which he can be subrogated.

DICKINSON, J. Action upon a bond executed to the plaintiff by the defendant Mattson as principal and by the other defendants as sureties. The sureties demurred to the complaint. This is an appeal by the plaintiff from an order sustaining the demurrer. Mattson having undertaken by contract with the plaintiff to erect a building for him, the bond was executed, wherein, after referring to such contract, it was declared, in substance, as a condition of the obligation, that it should be void if said contractor should pay all just claims for work and materials furnished and to be furnished pursuant to the contract and in the execution of the work. The alleged default consists in the failure of the contractor to perform his building contract, and his abandonment of it, whereupon the plaintiff, in accordance with the terms of the contract, took up and completed the unfinished work; and for the expense thus incurred and paid by the plaintiff a recovery is sought on the bond.

As respects the construction to be given to the bond, its purpose, and the extent of the obligation, the case is exactly like that of *Price* v. *Doyle*, 34 Minn. 400, (26 N. W. Rep. 14,) and that decision covers the case here presented. The bond was given for the benefit of the plaintiff as the owner of the property, to protect the property against liens in favor of those who might contribute labor or material for the construction of the building. It does not appear that any such liens ever came into existence, or were even threatened. It would require a more liberal construction of the condition of the bond than is permissible as against sureties to make it applicable to debts incurred or expenditures made by the plaintiff in carrying on the work after it had been abandoned by Mattson, for whom alone the respondents became sureties.

Order affirmed.

(Opinion published 52 N. W. Rep. 857.)