[L. A. No. 607.   Department Two.—October 5, 1900.]

WILLIAM BRILL, Appellant, v. J. G. De TURK, Respondent.

BUILDING CONTRACT — PAYMENT OF BILLS — SUBSTANTIAL COMPLIANCE
WITH LAW.—A building contract providing that "all bills for mate
rials and labor, when indorsed by the contractor, will be paid
on demand, provided said bills do not exceed seventy-five per
cent of the whole value of materials and labor employed in
the erection of the building to the date of the bills," and that
a fixed sum, "upward of twenty-five per cent of the contract
price, is to be paid thirty-five days after the building is com-
pleted," does not substantially depart from the provisions found
in section 1184 of the Code of Civil Procedure.

ID.—ACTION ON CONTRACTOR'S BOND—VOLUNTARY PAYMENT OF LIENS BY
OWNERS—EXCESS OF SUM DUE CONTRACTOR—SURETY NOT LIABLE.—
The owner of the building, who neglected to avail himself of
a valid defense to the foreclosure of liens filed in excess of
the amount due the contractor, under a valid contract, and
paid a judgment foreclosing the same, must be deemed to have
made a voluntary payment of such excess, and cannot main-
tain an action to recover the excess so paid against a surety on
the contractor's bond, whose liability covered only claims ac-
crued against the building, and did not extend to the releas-
ing of the building from invalid liens.

ID.—PLEADING—CONCLUSION OF LAW—RIGHT TO LIENS—IMMATERIAL AD-
MISSION—FACTS SUPPORTING JUDGMENT FOR SURETY.—An averment
in the complaint in such action that the claimants whose liens
were paid by the owner were entitled to their liens, is of a
conclusion of law, and an admission thereof in the answer
may be disregarded as immaterial. The validity of a judg-
ment in favor of a surety cannot be affected by such aver-
ment and admission, but depends upon facts pleaded and found
which support the judgment.

APPEAL from a judgment of the Superior Court of Los An-
geles County and from an order denying a new trial.   Lucien
Shaw, Judge.

The facts are stated in the opinion.

F. M. Porter, J. W. Swanwick, and Lucien Earle, for Appel-
lant.

Barclay & Camp, for Respondent.

GRAY, C.—This action was brought by the owner of the building on a building contractor's bond. Plaintiff had judgment by default against the builders, who were the principals on said bond. Defendant De Turk, the surety, answered, and after a trial without a jury obtained a judgment, from which and from an order denying a new trial plaintiff appeals. The bond sued on provided that the principals therein should faithfully keep and strictly perform all of the covenants of their contract, and well and truly pay, or cause to be paid, all just claims against them for the labor and materials performed and furnished. The building contract—attached to and made part of the complaint—was in the usual form, except that the provision for payment was "in the manner following: "All bills for materials and labor, when indorsed by the contractor, will be paid on demand, provided that said bills for material and labor do not exceed seventy-five per cent of the value of the material and labor employed in the erection of said building up to the date of said bills. Four hundred and ninety-five dollars (upward of twenty-five per cent of contract price) to be paid thirty-five days after building is finished and accepted."

1. It is contended that the above provision of the contract is in violation of those provisions of the mechanics' lien law found in section 1184 of the Code of Civil Procedure, reading as follows: "But the contract price shall, by the terms of the contract, be made payable in installments at specified times after the commencement of the work, or on the completion of specified portions of the work, or on the completion of the whole work; provided, that at least twenty-five per cent of the whole contract price shall be made payable at least thirty-five days after the final completion of the contract. . . . . In case such contracts and alterations thereof do not conform substantially to the provisions of this section, the labor done and materials furnished by all persons except the contractor shall be deemed to have been done and furnished at the personal instance and request of the person who contracted with the contractor, and they shall have a lien for the value thereof."

We think there was no substantial departure from the statute in the quoted provision of the contract. The main purpose of the statute quoted is to secure to laborers, materialmen, and

subcontractors their just compensation, and in this respect the contract goes even further than the statute, because, by its terms, there must be at all stages of the work at least twenty-five per cent of the value of the work and labor furnished unpaid to the contractor and still in the hands of the owner of the building. The safeguard intended by the statute is accomplished in the contract, and this is all that is necessary, because the penalty for a disregard of the statute attaches only when the contract does "not conform substantially to the provisions of this section." This is illustrated in the case of *Reed v. Norton,* 90 Cal. 590, in which the contract provided that the owner would, upon the written order of the contractor, pay the materialmen for materials furnished as soon as the material should be actually worked into the building, and also pay the mechanics and laborers upon the building weekly; and it was held that the payments were specific enough as to time and amounts to comply substantially with the statute. (See, also, *Yancy v. Morton,* 94 Cal. 558.) We cannot see how the prospective lien claimants could derive any advantage from a contract following the letter of the statute that they do not enjoy under this contract. "Every reasonable intendment is indulged to avoid a penalty." (*San Diego Lumber Co. v. Wooldredge,* 90 Cal. 579; *West Coast Lumber Co. v. Knapp,* 122 Cal. 79.)

2. The amount to be paid for the building as fixed by the contract was nineteen hundred and seventy-five dollars. The complaint alleges that prior to the commencement of work the contract and bond were duly filed for record; that between the commencement and completion of the building the owner paid out in pursuance of the contract for material and labor thirteen hundred and sixty-one dollars and eighty-six cents. That, in addition to this, labor and material were furnished by various parties in the construction of the building to the aggregate amount of sixteen hundred and fifteen dollars and seventeen cents, and, no part of this latter amount being paid by the contractors, liens were filed therefor on the building, and a suit was commenced against J. J. Brill and William Brill, plaintiff herein, to foreclose these liens. The defendants in that case employed counsel and filed an answer, and on the day set for the case to be tried the defendants (including the plaintiff here)

entered into a stipulation in accordance with which a judgment
was entered against defendants therein for twelve hundred and
forty-seven dollars and seventy cents. Said defendants there-
after, and before the commencement of the present action, paid
said judgment and obtained a release of the property there-
from; and J. J. Brill assigned to this plaintiff all the claim that
he might have against defendants herein by reason of the exe-
cution of the bond sued on. The court finds that the allega-
tions of the complaint are true except the allegation contained
in the fifth paragraph thereof to the effect that the parties
therein mentioned and referred to, and who had furnished labor
and material, were entitled to liens for the sums therein men-
tioned. The answer had admitted this allegation. This state-
ment in the complaint that the lien claimants were entitled to
their liens, and the admission in the answer of the truth of that
allegation, may be disregarded as a mere conclusion and not
material, because the judgment must depend for its validity
upon the actual facts set forth in the complaint and found to be
true. It is not contended that the contract was defective in any
part other than in the provision concerning payments, and that,
as we have already seen, is not in conflict with any substantial
requirement of the statute. The contract being good under the
statute, and having been duly recorded, it follows that the owner
could be compelled to pay out no more than the contract price.
On this appeal it is not contended that anything can be recov-
ered in this action except the excess paid by plaintiff over and
above said contract price which amounts to six hundred and
thirty-four dollars and fifty-six cents. The appellant was under
no legal obligation to pay this excess, nor does it appear that the
contractor, whose debt it was, requested him to pay it. It is
not shown, nor even contended, that appellant in any way suc-
ceeded to any rights of the lien claimants against the contractor
or his sureties on the bond. There was no privity of contract
between the owner and the laborers or materialmen, and the
owner was not indebted to them and they certainly had no
right to a lien for any amount which he did not owe the con-
tractor. The obligations of the bond did not extend to the re-
leasing of the building from invalid liens; but, in the language
of the contract, such obligations only covered "claims that may

have accrued against the said building by reason of the afore-said erection." Claims which could not be legally enforced against the building cannot be said to have accrued against it.

On the facts as they appear in the complaint appellant could have pleaded his contract and defeated the action against him to enforce a lien for the amount which he seeks in this action to recover from the defendant. Not having done so the payment must be treated as merely voluntary on his part, and he could not thus acquire a right of action against a surety which he did not have in the absence of such payment.

We think the conclusions reached by the court below are correct, and advise that the judgment and order be affirmed.

Haynes, C., and Cooper, C., concurred.

For the reasons given in the foregoing opinion the judgment and order are affirmed.

Temple, J., McFarland, J., Henshaw, J.