[L. A. No. 2109.   Department Two.—August 10, 1908.]

# H. RAPHAEL COMPANY (a Corporation), et al., Respondents, v. PETER GROTE et al., Defendants, and BRYON L. OLIVER, Defendant and Appellant.

BUILDING CONTRACT—ABANDONMENT BY CONTRACTOR—MECHANICS' LIENS —FINAL PAYMENT.—Where a valid contract in writing for the erection of a building has been executed and filed, and the work thereunder has been abandoned by the contractor before completion, lien claimants who furnished work and materials to the contractor before abandonment have no right to resort to the final payment of twenty-five per cent of the contract price. *Hoffman-Marks Co. v. Spires, ante,* p. 111, affirmed.

ID.—ATTORNEYS' FEES NOT ALLOWABLE.—In an action to foreclose a mechanics' lien, the plaintiff is not entitled to an allowance of · attorneys' fees.

APPEAL from a judgment of the Superior Court of Los Angeles County.   Charles Monroe, Judge.

The facts are stated in the opinion of the court.

John W. Kemp, and Kemp & Collier, for Appellant.

Chas. L. Batcheller, E. E. Mellete, O. P. Widaman, A. L. & J. E. Stephen, Lawler, Allen & Van Dyke, G. C. de Garmo, and N. S. G. McCartney, for Respondents.

HENSHAW, J.—This is an appeal upon the judgment-roll alone from a decree foreclosing certain mechanics' liens. The contract between the owner and the contractor was admittedly valid.   One half of the contract price had been paid by the owner, when, upon the contractor's failure to proceed further with the work, the owner, under a clause in the contract reserving him the right so to do, entered and supplied the necessary material and labor to finish the building.   The lien claimants are those who furnished labor and material to the contractor before abandonment.   They contend, and the court found with their contention, that the final payment of twenty-five per cent, under the terms of the contract, was available and applicable to the payment of their liens.   This was error. The question has recently been considered at length by this

court in Bank, and it is unnecessary here to repeat the reasoning. (*Hoffman-Marks Co.* v. *Spires, ante,* p. 111, [97 Pac. 152].) Section 1200 of the Code of Civil Procedure furnishes the rule in cases such as this.

A reversal thus becoming necessary, it is proper to add that upon a retrial the court should find upon the issue joined as to the priority of the lien of the Bankers' Savings Union. The allowance of attorneys' fees was also improper. (*Builders' Supply Depot* v. *O'Connor,* 150 Cal. 265, [119 Am. St. Rep. 193, 88 Pac. 982].)

The judgment is therefore reversed and the cause remanded.

Sloss, J., and Lorigan, J., concurred.