[Civ. No. 1134. First Appellate District.—February 13, 1913.]

## W. L. GROWALL, Respondent, v. PACIFIC SURETY COMPANY (a Corporation), Appellant.

BUILDING CONTRACTS—ABANDONMENT BY CONTRACTOR—COMPLETION BY OWNER.—An owner who has complied with the terms of a building contract cannot be compelled to pay anything in excess of the contract price. When he completes the building, in accordance with the original plans, because of an abandonment by the contractor, he must be allowed credit for what he has necessarily and reasonably expended in so doing.

ID.—MECHANICS' LIENS—LIABILITY OF OWNER.—Where the owner of a building completes it after the contractor abandons the work, and in so doing reasonably and necessarily expends a part of the balance of the contract price in his hands, he is liable to lien claimants only for the remainder of such balance.

ID.—ACTION ON CONTRACTOR'S BOND—COSTS AND COUNSEL FEES.—The owner cannot recover on the bond of the contractor for payments voluntarily made in excess of what he thus is legally liable for, nor can he recover, on the bond, attorney's fees and costs incurred by him in defending against the lien claimants.

APPEAL from a judgment of the Superior Court of the City and County of San Francisco and from an order refusing a new trial. James M. Troutt, Judge.

The facts are stated in the opinion of the court.

Myrick & Deering, and James Walter Scott, for Appellant.

Jordan, Rowe & Brann, for Respondent.

HALL, J.—Plaintiff recovered judgment against defendant upon a bond given by defendant to secure the faithful performance by one Evans of a contract to erect a building for plaintiff. Defendant moved for a new trial, which being denied defendant appealed to this court both from the judgment and the order.

The building contract was in all respects valid, and was duly filed in the recorder's office.

Evans, the contractor, abandoned the contract before completion, and plaintiff completed the building according to the original plans and specifications. By this action he sought to recover the excess in the total cost of the building over the contract price, claimed to be $633.15, and also $250 attorneys' fees paid, and $54.75 costs incurred in defending two suits brought by lien claimants against him and the original contractor.

The court found in favor of plaintiff, and gave judgment for the amount prayed for.

1. As to the finding to the effect that plaintiff was compelled to pay to complete the building any sum in excess of the original contract price, it is claimed by appellant that such finding finds no support in the evidence.

This contention must be sustained. The contract was for the payment of the total sum of $9,291, to be made in designated installments, with a final thirty-five day payment of $2,325. At the time of the abandonment of the contract by Evans, plaintiff had, in strict accordance with the contract paid thereon $5,705, which left a balance for the completion of the building in the sum of $3,586.

The owner expended in economically completing the building in strict accord with the plans and specifications the sum of $1,795.15, and no more, which left in his hands the sum of $1,790.85, which is the full amount that he was legally bound to pay to lien claimants. (*Hoffman-Marks Co.* v. *Spires*, 154 Cal. 111, [97 Pac. 152]; *Raphael Co.* v. *Grote*, 154 Cal. 137,

[97 Pac. 155]; *Marshall* v. *Vallejo Commercial Bank*, 163 Cal. 469, [126 Pac. 146].)

The payments due and made under the contract prior to the abandonment, amounting to $5,705, the amount expended by the owner in completing the building $1,795.15, and the sum of $1,790.85, make up the total of $9,291, which was the contract price.

An owner who has fully complied upon his part with the terms of a valid building contract cannot be compelled to pay anything in excess of such contract price. (*Hoffman-Marks Co.* v. *Spires*, 154 Cal. 111, [97 Pac. 152].) When such an owner completes the building in accordance with the original plans, because of an abandonment by the contractor, he must be allowed credit for what he has necessarily and reasonably expended in so doing. This is the effect of the application of section 1200 of the Code of Civil Procedure, which establishes the rule in cases of abandonment by the contractor.

In the case at bar plaintiff, probably supposing that he was obliged to turn over to the lien claimants the entire amount of the final thirty-five day payment, voluntarily paid the amount thereof and one hundred dollars retained from a prior installment, into court for such claimants. It is only by crediting him as against the surety with the full amount of such payment that the finding of the court can be sustained. The surety cannot be charged with any voluntary payment that plaintiff may have made in excess of what he was legally liable for.

Neither can he recover as against the surety the attorneys' fees and costs incurred by him in defending against the claims of the lien claimants. This was so decided by this court in *Alcatraz etc. Assoc.* v. *United States Fidelity etc. Co.*, 3 Cal. App. 338, [85 Pac. 156]. It was there said, "Whatever expense was incurred by reason of the attempt of the claimants to enforce liens to which they were not entitled is not embraced in the defendant's contract of indemnity, whether such attempt was to enforce liens for a greater amount than they were entitled to recover, or liens for which they had no claim whatever. The plaintiff, therefore, is not entitled to recover from the defendant for services of its attorneys in defending these actions, or the expenses incurred

therein, and the court properly sustained the demurrer to the complaint.''

Some other points are discussed in the briefs; but as the views above expressed appear to us to be determinative of the entire case upon its merits, we do not think it necessary to discuss the other points urged for a reversal.

The judgment and order appealed from are reversed.

Lennon, P. J., and Murphey, J., *pro tem.*, concurred.