[Civ. No. 3408.  Second Appellate District, Division Two.—December 31, 1921.]

DANIEL BACKER KOENIG, Appellant, v. AMERICAN SURETY COMPANY OF NEW YORK (a Corporation), Respondent.

[1] Mechanics' Liens—Release of Nonenforceable Lien—Payment by Owner—Recovery from Surety.—Under a building contract providing that the contractor, on or before thirty-five days after the acceptance of the building, shall cancel and release the building and premises from all claims that may have accrued against the building, the owner cannot recover on the bond an amount paid to obtain the release of a lien, where such lien was not an enforceable claim for the reason that the bond and contract were both recorded and the owner had paid to the contractor before the recording of the notice of completion sums of money that aggregated the full amount of the contract price.

APPEAL from a judgment of the Superior Court of Los Angeles County.  Lewis R. Works, Judge.  Affirmed.

The facts are stated in the opinion of the court.

John F. Poole for Appellant.

Lawler & Degnan for Respondent.

FINLAYSON, P. J.—This is an action by the owner of a building upon a building contractor's bond. The action is against the contractor and his surety. The Surety Company answered, and, after a trial, obtained a judgment from which plaintiff, the owner, appeals.

The building contract whereby the defendant Myers contracted to construct a building for plaintiff contains a provision to the effect that the contractor, on or before thirty-five days after the acceptance of the building, shall ''cancel and release the said building and premises from all claims that may have accrued against the said building by reason of the aforesaid erection.'' Contemporaneously with the execution of the contract, the contractor, as principal, and the Surety Company, as surety, executed and delivered to plaintiff a bond in the penal sum of $6,600, conditioned that ''should said M. A. Myers (said contractor) faithfully keep and strictly perform all the covenants of said agreement [the building contract], and well and truly pay, or cause to be paid, all just claims against him for such aforementioned labor or materials, or both, so performed or furnished, as the case may be, then this obligation to be null and void, and otherwise to be and remain in full force and effect.'' Though the bond is a statutory undertaking, given pursuant to the requirements of section 1183 of the Code of Civil Procedure, it also is a valid, express contract between the owner and the surety, and, as between those two, is a good common-law bond. Both contract and bond were duly filed in the office of the county recorder before the commencement of any work, and, therefore, according to the express declaration of the code, the owner's liability to lien claimants was limited to the measure of the contract price, and any recovery by such lien claimants under their liens would be restricted ''to an aggregate amount equal to the amount found due from the owner to the contractor.'' (Sec. 1183, Code Civ. Proc.) But there was no amount due from the owner to the contractor; for, at various times between the execution of the contract and the recording of the notice of completion, the owner had paid to the contractor, under the terms of their contract, sums of money that aggregated the full amount of the contract price. The result is that no lien claimant was entitled to a foreclosure of any lien upon the building, though he might be entitled

to a personal judgment against the contractor and his surety. This condition of affairs notwithstanding, the Hammond Lumber Company, within thirty days after the filing of the notice of completion, filed in the office of the county recorder its verified claim of lien for $781.02 for materials furnished, and, within ninety days thereafter, claiming that, as a materialman, it had a lien on the premises, commenced an action to foreclose its alleged lien. The owner, the plaintiff in this action, filed an answer in that case and requested that the Surety Company be brought in as a party defendant. An order therefor was made by the court in that action, and thereupon the owner served upon the Surety Company a notice of the pendency of that action and a request that it "conduct the defense of said action upon behalf of himself." The Surety Company appeared and filed its answer in the action and prepared for the defense thereof, not, however, upon behalf of the owner or in his defense, but solely upon its own behalf and in its own defense. About a year after the filing of the lumber company's claim of lien, the owner negotiated a sale of the property, and, the foreclosure suit still being pending, he paid to the lumber company the full amount of its claim and thus procured the dismissal of its suit. This was done without the consent or knowledge of the Surety Company, and though the latter received prompt notice of the dismissal of the action, it had no actual knowledge of the fact that plaintiff had paid the lien claim, or that he intended to look to it for reimbursement, until about two years thereafter and shortly prior to the bringing of this action against it upon its bond to recover the amount so paid by plaintiff.

[1] There are two conditions in the bond on the due performance of which that undertaking provides that it shall be void. The first is that if the contractor shall faithfully keep and strictly perform all the covenants contained in his building contract, then his obligation as principal and the obligation of the Surety Company as surety shall be null and void. Plaintiff cannot recover as for a breach of this condition. The contract, as we have pointed out, provides that the contractor, within thirty-five days after the acceptance of the building, shall cancel and release the premises from all claims "that may have accrued against said building." The claim of the lumber company against

the contractor was not an enforceable claim against the building, for the reason that there was no amount due from the owner to the contractor and the former had done all that the law requires in order to restrict the recovery under liens to such an amount, if any, as might be due from the owner to the contractor—in this case nothing whatever. The obligation of the bond did not extend to the releasing of the building from invalid or unenforceable liens. In the language of the building contract, the obligation of the bond extended to "claims that may have accrued against said building by reason of the aforesaid erection." Claims which cannot legally be enforced against the building cannot be said to have "accrued" against it.

The other condition of the bond is that if the contractor shall well and truly pay, or cause to be paid, all just claims against him for labor or materials, then his obligation as principal and that of the Surety Company as surety shall be null and void. Assuming, for the purpose of this decision, that this condition that all just claims against the contractor for labor or material shall be paid is a provision that inures to the benefit of the owner as well as to the benefit of laborers and materialmen, plaintiff, nevertheless, has no cause of action for its breach. To the contract between the contractor and the Hammond Lumber Company, the plaintiff here was not privy; no obligation rested upon him in respect thereto. Appellant was under no legal obligation to pay the claim of Hammond Lumber Company; his property could not be made liable therefor; and it does not appear that the contractor, whose debt it was, requested him to pay it. In order to entitle appellant to recover against the Surety Company, it must be made to appear that the lumber company had an enforceable lien, or that for some other cause the payment that appellant made to the lumber company was compulsorily made. In the absence of an enforceable lien making plaintiff's payment compulsory, it must be held that the payment of the lumber company's claim was voluntary on his part; and he cannot acquire a right of action against the surety which he would not have had in the absence of such payment. In principle, the case is not distinguishable from *Brill* v. *De Turk*, 130 Cal. 241 [62 Pac. 462], and for the reasons there stated the judgment must be affirmed. (See, also, *Growall* v. *Pacific*

*Surety Co.,* 21 Cal. App. 185 [131 Pac. 73], and *Price* v. *Doyle,* 34 Minn. 400 [26 N. W. 14].)

Judgment affirmed.

Craig, J., and Myers, J., *pro tem.,* concurred.

A petition to have the cause heard in the supreme court, after judgment in the district court of appeal, was denied by the supreme court on February 27, 1922.

All the Justices concurred.

Lennon, J., was absent, and Richards, J., *pro tem.,* was acting.