## INDEMNITY INS. CO. OF NORTH AMERICA v. BASSETT et ux. (No. 2084.)

Court of Civil Appeals of Texas. El Paso. Oct. 27, 1927.

Rehearing Denied Nov. 17, 1927.

1. **Principal and surety ☞82(2), 115(1)— Building contractors' surety held liable for compulsory payments on landowners' note assigned by defaulting contractors but not for voluntary payments.**

Surety on bond, given by building contractors to perform contract with landowners to erect building and save landowners harmless from default on part of principals, would be liable for payments by landowners under compulsion to assignee of their note given to contractors, who defaulted, but voluntary payments by them to such assignee would release surety pro tanto.

2. **Mechanics' liens ☞206—Assignee of note and lien from contractors not complying with statutes held to have no lien independent of contract for material furnished contractors before they abandoned contract.**

Where contractors assigned note and lien given by landowners to third party for cash and material to apply on job, and such party did not furnish material and labor directly to owners, who completed contract after default by contractors, such party, not complying with statutory provisions, had no valid lien independent of contract lien for material furnished builders before contract was abandoned, and owners cannot recover against contractor's surety after paying full amount of their note assigned to such third person not bona fide purchaser, regardless of their claim for damages and delay.

3. **Constitutional law ☞34—Self-executing effect of constitutional provision relating to mechanics' liens is limited to those furnishing labor and material directly to owner.**

Self-executing effect of constitutional provision relating to mechanics' liens is limited to those furnishing labor and material directly to owner, and does not operate in self-executing manner in favor of those furnishing material and labor to contractor.

───────────────

☞For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes

**4. Principal and surety ⚖️⟶115(2)—Owners' voluntary payments with notice on their note, assigned by contractors without claiming set-off, held to relieve contractor's surety pro tanto.**

Where landowners on default of contractors completed contract, they could not recover against surety on contractors' bond conditioned on completing work under contract and saving landowners harmless, items consisting of expenses in completing work, services performed by landowner, and damages for delay, which would have been valid set-offs against their note assigned by contractors to third person, who took it with notice, since payment by them to assignee of note was not under compulsion, even if bond should be regarded as requiring surety to complete building on abandonment of contract by principal.

*On Rehearing.*

**5. Principal and surety ⚖️⟶115(2)—Owners paying in full their note to contractors assigned with notice of offsets held not entitled to recover offset for delay from contractors' surety (Rev. St. 1925, arts. 2015, 2017).**

Under Rev. St. 1925, arts. 2015, 2017, property owners whose contract with building contractors provided offset for delay had right to assert such offset against their note to contractor in his hands and in hands of contractor's assignee with notice, but, on property owners' completion of building after abandonment by contractor and voluntary payment of note to assignee, they could not recover for delay against surety on building contractor's bond.

Appeal from District Court, Dallas County; Royall R. Watkins, Judge.

Action by Irving M. Bassett and wife against the Indemnity Insurance Company of North America and others. From a judgment for plaintiffs, the named defendant appeals. Judgment as against the named defendant reversed and rendered in its favor, but judgment as against other defendants affirmed.

Albert B. Hall, of Dallas, for appellant.

Wallace & Taylor and Lee G. Carter, all of Dallas, for appellees.

HIGGINS, J. On February 6, 1924, appellees, Bassett and wife, bought a lot in the city of Dallas, intending to build a house thereon and occupy the same as a home. In pursuance of such purpose they entered into a written contract with Dolen & Johnson, dated February 13, 1924, whereby the latter agreed to furnish all labor and material and erect a house upon the lot according to plans and specifications, within 90 days, and to pay $10 per day as liquidated damages for each day's delay beyond the specified period, except delay due to unavoidable accident or bad weather. Bassett and wife agreed to pay $7,175 therefor, in accordance with the terms of a note for that amount, executed by them,

to the order of Dolen & Johnson, due in 90 days, and described in the contract. To secure such indebtedness, a mechanic's and materialman's lien upon the land and improvements was granted by Bassett and wife. The contract stipulated:

"It is further agreed that a failure to complete said improvements, or failure to complete the same according to contract, shall not defeat said indebtedness and lien, but in such case the indebtedness and lien upon said premises and improvements shall exist in favor of said parties of the second part, their heirs and assigns, for said contract price, less such an amount as would be reasonably necessary to complete said improvements according to the said plans and specifications."

This contract was signed, duly acknowledged, and recorded. No point is made as to the sufficiency of the contract to fix a valid lien.

On March 1, 1924, Dolen & Johnson assigned the note and lien to J. M. Wilcox. The transfer was upon the same sheet of paper as the acknowledgment to the above contract, and immediately following such acknowledgment. The transfer refers to such contract as "the foregoing and attached contract."

The note is as above described, and recites it was "given in part payment for the construction of certain improvements upon [describing the lot], this day contracted to be erected by Dolen & Johnson, for Irving M. Bassett and wife, Mary C. Bassett, and to secure the payment thereof, an express contract and mechanic's lien is given by said contract upon said land and improvements."

The contractors, as principals, and appellant, the Indemnity Insurance Company of North America, as surety, gave Bassett and wife a bond in the sum of $7,175, reciting and describing the building contract, and conditioned:

"That, if the above-bounden principal shall well and truly keep, do and perform, each and every, all and singular, the matters and things in said contract set forth and specified to be by the said principal kept, done, and performed at the time and in the manner in said contract specified, and shall pay over, make good and reimburse to the above-named obligee, all loss and damage which said obligee may sustain by reason of failure or default on the part of said principal, then this obligation shall be void."

The contractors entered upon the performance of their contract, but abandoned the same on June 17, 1924, leaving the building uncompleted. Demand was made by the owners that appellant complete the building, which it refused to do. Thereupon Bassett completed the building on October 9, 1924, buying the necessary material, and hiring the labor at a cost of $3,153.50, which he paid to various parties.

---

⚖️⟶For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes

On June 24, 1925, Bassett paid to Wilcox the note in full, the parties at the time entering into a written contract. The contract recited that Bassett and wife had elected to pay off and discharge in full the note and lien. This contract between the Bassetts and Wilcox is lengthy, and provided that the Bassetts should pay to Wilcox the amount of the note, with interest, and Wilcox should, at the same time, pay to the Bassetts the amount of the cost of completing the contract, to wit, $3,153.50, plus $600, on account of services alleged to have been performed by the plaintiff Irving M. Bassett, or the sum of $3,753.50, plus interest; in consideration of such payment by Wilcox, the Bassetts (second parties) assigned to Wilcox "that portion of any judgment that the second parties may obtain against the said Dolen & Johnson and/or the Indemnity Insurance Company of North America, covering the cost of outlay of second parties in completing the house and improvements according to the contract, including one-half of the $1,200 for the personal services of Irving M. Bassett in superintending the completion of said work"; that the Bassetts' suit against Wilcox should forthwith be dismissed; that the Bassetts should prosecute a suit against appellant to cover the alleged cost of completing the contract, and $1,200 on account of services rendered by said Bassett, and $1,490 on account of damages for delay; and that in case of an adjudication in favor of appellant as to said $1,490 the liability of Wilcox therefor should be subject to future adjudication, and to cover his potential liability on account thereof, he gave a bond to appellees. It further provided that Wilcox, at his expense, should have his attorneys to assist in the prosecution to judgment of the claim of the Bassetts against appellant. The nature of the suit against Wilcox referred to in the contract is not shown by the record. This suit was filed by Bassett and wife against the surety upon the contractor's bond, and against Dolen & Johnson, to recover, among other items not necessary to mention, the sum of $3,153.50, paid out by them for labor and material in completing the house, $1,200 for the plaintiff's services in completing the same, and $1,490 for 149 days delay, in completion. Upon trial without a jury, they obtained judgment for the three sums mentioned, from which the surety alone appeals.

If, in settlement with Wilcox, appellees had deducted from the amount of their note the sums here sued for, they would have suffered no loss or damage by reason of the builders' default, and no cause of action upon the bond would have arisen in their behalf.

Appellant questions the effect of the contract of June 24, 1925, as constituting payment in full of the note to Wilcox, but, assuming such payment in full, it then becomes pertinent to inquire whether the amounts here sued for were voluntarily paid to Wilcox or made under compulsion.

[1] If paid under compulsion we have no doubt of the right to recover same from the surety. But if voluntarily paid, then appellees have dissipated the fund in their hands which the surety had the right to insist should be applied to the loss occasioned by the default of its principal. Such a payment pro tanto releases the surety. American Surety Co. v. Lucas (Tex. Civ. App.) 57 S. W. 969; Murrell v. Scott, 51 Tex. 520.

In Stearns on Suretyship (3d Ed.) p. 137, § 98, it is said:

"If the creditor has in his possession property of the principal as an additional security for the debt, or has acquired a lien upon the property of a principal, the creditor at once becomes charged with the duty of retaining such security, or maintaining such lien in the interest of the surety, and any release or impairment of this security as a primary resource for the payment of a debt, will discharge the surety to the extent of the value of the property or lien released. This is not because the parties have made any contract in respect to the additional security, but it results from the inherent equities of a suretyship relation."

Again, at page 465, § 257, it is said:

"The creditor owes a duty of good faith toward the surety, if he releases in whole or in part any security belonging to the principal which he holds for the account of the debt, to that extent the surety will be discharged."

See, also, 21 R. C. L. p. 1113, § 149.

In a number of cases, where the owner paid claims of materialmen, which he rested under no legal obligation to pay and which it was not necessary to pay for the protection of his property from valid liens, it has been held that such payment was voluntary and recovery over against the surety upon the builders' bond was denied. Koenig v. Surety Co., 56 Cal. App. 37, 204 P. 553; Price v. Doyle, 34 Minn. 400, 26 N. W. 14; Growall v. Surety Co., 21 Cal. App. 185, 131 P. 73; Brill v. De Turk, 130 Cal. 241, 62 P. 462.

If appellees were legally bound to pay the note in full to Wilcox, they would be protected by the bond, but they do not contend that the note in the hands of Wilcox was protected against any defense they might have had against the payees, for in their brief it is said:

"Appellant's contention is wholly beside the question. Appellees are not seeking to put Wilcox in the attitude of an innocent purchaser, nor do we contend that he did not have knowledge of all the provisions of the builders' contract and of the terms of the bond which incorporated as a part of its provisions the said contract. It is not necessary to discuss appellant's contention in this regard, for the reason that the law as to negotiability, stated by appellant in its brief, is accepted by appellees as sound. It is wholly immaterial, however, in that Wilcox's rights, in addition to his rights ac-

quired by virtue of the purchase of the mechanic's lien note, accrued to him under and by virtue of his status as a furnisher of labor and materials for improvements. Furthermore, the question of the rights of Wilcox acquired by him as a purchaser of the note only have become academic, in that, in addition to purchasing the note, he furnished the labor and material that went into the improvements to the amount of the note, and appellees, in recognition of his rights both as an assignee of the note and as a furnisher of the labor and material referred to, paid off and discharged the same."

In view of this admission, it is not necessary to consider appellant's proposition that Wilcox was not protected as an innocent purchaser of the note under the doctrine of Traders' Nat. Bank of Fort Worth v. Smith (Tex. Civ. App.) 22 S. W. 1056.

[2] The insistence of appellees is that Wilcox had a valid lien, independent of the contract lien, because he furnished material to the extent of the note which was used in the construction of the building.

Wilcox testified he was financing the job for Dolen & Johnson, and they assigned the note and lien to him in consideration of $7,175 in cash and material to apply on the job. Appellees in their petition give the names of the various parties who furnished material and labor to them to complete the building after the contractors abandoned same and the amounts paid each of such persons. The name of Wilcox does not appear among those furnishing material and labor direct to the owners. Disregarding the homestead feature, it is clear that Wilcox had no valid lien independent of the contract lien, for material furnished the builders before they abandoned the contract, unless he complied with the statutory provisions. Berry v. McAdams, 93 Tex. 431, 55 S. W: 1112; First Baptist Church v. Carlton Lbr. Co. (Tex. Civ. App.) 173 S. W. 1179; First Nat. Bank v. Lyon-Gray Lbr. Co. (Tex. Civ. App.) 194 S. W. 1146, affirmed on writ of error, 110 Tex. 162, 217 S. W. 133; McLennan v. Kellogg Drilling Co. (Tex. Civ. App.) 273 S. W. 350. Compliance by Wilcox with the statute was not shown.

[3] Appellees rely upon Strang v. Pray, 89 Tex. 525, 35 S. W. 1055, and Howell v. McMurry Lumber Co., 62 Tex. Civ. App. 584, 132 S. W. 848, in support of their assertion that, independent of the statute, Wilcox had a valid constitutional lien, but the other cases cited above announce the rule that the constitutional provision does not fix the lien in favor of one furnishing labor or material to a contractor unless the statutory requirements be observed. In other words, the self-executing effect of the constitutional provision is limited to those who furnish labor and material direct to the owner, and does not operate in a self-executing manner in favor of those furnishing material and labor to a contractor.

[4] From what has been said, it follows that, in paying the note in full to Wilcox long after the completion of the building, appellees were under no legal compulsion to pay valid offsets which they could have asserted against the payees, Dolen & Johnson, nor was such payment necessary to discharge any valid lien, independent of the contract lien. For, if the contractors had sued upon the note, appellees could have offset the items which they have recovered herein. They were valid offsets against the note in the hands of Wilcox, because it is conceded he was not entitled to protection as a holder of the note in due course.

Under the authorities cited above, we think it clear that, by voluntarily paying out these sums which should have been retained by appellees for the protection of the surety, the latter was released from any liability to repay the same to appellees.

Appellees further assert that the bond herein was more than a mere contract to indemnify against loss and damage, and under the terms thereof appellant became obligated to complete the building upon abandonment by the principal. This may be conceded, but it has no controlling effect upon the disposition of this case. Had appellant completed the building, it would have been entitled to sufficient of the money agreed to be paid for the building, then in the appellees' hands, to save it harmless from loss on their suretyship contract, and appellees could not deprive them of that right by a purely voluntary payment to some one else. Prairie State Nat. Bank v. United States, 164 U. S. 227, 17 S. Ct. 142, 41 L. Ed. 412; 21 R. C. L. title "Principal and Surety," § 149.

The judgment against appellant is reversed and here rendered in its favor. The judgment against Dolen & Johnson is not disturbed.

Affirmed in part; reversed and rendered in part.

On Rehearing.

[5] Appellee asserts that under no view of the case should it be held that the item of $1,490 for delay of the contractors in completing the building is not recoverable, because no provision in the note, contract, or bond, would have authorized such deduction, and Wilcox, as purchaser of the note, did not become liable to Bassett and wife for the damages arising out of the contractor's delay in completion. This is not a question of any liability on the part of Wilcox. The right of Bassett and wife to offset the sum mentioned against the amount of the note in the hands of the original payees, Dolen & Johnson, is not dependent upon any express provision to that effect. The right to assert such offset against the note in the hands of the original payees exists by virtue of articles 2015 and 2017, R. S. 1925. The same right of offset

exists against the note in the hands of Wilcox, because he was not entitled to protection as a holder in due course.

We see nothing in our ruling which in anywise conflicts with Harrop v. National L. & I. Co. (Tex. Civ. App.) 204 S. W. 878.

The motion for rehearing is overruled.