## MEYER *v.* HORNBY.

1. The ruling in *Brooks* v. *Railway Company* (*supra*, p. 443), that work done by a contractor upon a part of a railroad then in process of construction entitles his lien, under the laws of Iowa, to precedence over that of a prior mortgage upon the entire road, reaffirmed.

2. The contractor was a stockholder in a construction company, which, when it placed on the market the bonds secured by the mortgage, gave a guaranty that the local subscriptions and grants would be sufficient to prepare the road for the reception of the rails, and also undertook to make good any deficiency. *Held*, that he was not thereby estopped from setting up his lien, as against the mortgagee.

3. If the holders of the bonds sustained any loss by reason of the guaranty, the company which gave it is liable in damages.

APPEAL from the Circuit Court of the United States for the District of Iowa.

The facts are sufficiently stated in the opinion of the court.

*Mr. James Grant* and *Mr. Joseph H. Choate* for the appellants.

*Mr. James T. Lane* for the appellee.

MR. JUSTICE MILLER delivered the opinion of the court.

Appellants, as trustees in a railroad mortgage, brought suit to foreclose it, and made Hornby a defendant. He set up a claim

to a mechanic's lien, which was allowed. The mortgagor and owner of the road was the Davenport and St. Paul Railroad Company, incorporated to build a road from Davenport, in Iowa, to St. Paul, in Minnesota. The mortgage, executed May 16, 1872, embraced the entire line of road, and all present and after-acquired property therewith connected. The route was surveyed from Davenport to St. Paul, and work some three miles out from the city of Davenport was commenced and prosecuted in the direction of St. Paul, until about forty-eight miles were completed. When this work was begun, the part of the road surveyed in Scott County, from Davenport to Pine Hill Cemetery, included a difficult and expensive ascent from the river-bottom, on which the town is mainly situated, to the prairie land above the bluff. Its construction was for this reason delayed, and a temporary running arrangement made with another company, by which the cars from the country came into the city. The work on that piece of road was, however, commenced on a contract with Hornby, of date of Oct. 9, 1872, and finished prior to the first day of November, 1873. On the 28th of that month he filed his claim for a mechanic's lien in the proper court. The mortgage was recorded in that county, Dec. 24, 1872, but Hornby knew of its existence when he made the contract under which he claims his lien.

Two objections are taken to this lien. One of them is that Hornby himself was a stockholder in the Davenport Railway Construction Company, a corporation which placed the bonds secured by appellants' mortgage on the market, and which gave a guaranty that the local subscriptions and grants should be sufficient to prepare the road for the reception of the rails, and undertook to make good any deficiency in such local aid. Six gentlemen also signed an agreement to be personally bound to make good the guaranty of the construction company. Hornby was not one of them, and it is not charged that he ever made any personal representations on the subject to purchasers of the bonds or to any one else.

But it is argued that because he was a stockholder of the construction company he is now estopped to set up his lien for work and labor performed, to the detriment of these bondholders. It is difficult to see how any such claim can be sustained.

It was the corporation, and not he, who gave the guaranty. If the bondholders have suffered any loss for which that instrument provides a remedy, the corporation is liable to suit for damages. Even then it must be proved that there has been a loss, and that the loss was suffered because the local subscriptions and grants were not sufficient to' prepare the whole of said line for the rails. Before he can in any event be held liable, it must be shown that the construction company is liable and cannot respond to that liability.

Nothing of this kind is shown by the record. It might be otherwise if it were proved that he used this guaranty fraudulently and with false statements to negotiate the bonds; but this is not alleged or proven. We see no place for an estoppel in the case.

The other error alleged concerns the fact that the part of the road on which Hornby did his work, namely, the three miles between Pine Hill Cemetery and the city, is a separate division and not a part of the principal road, and that no lien as against these mortgagees can be established for that reason.

We have considered this question so fully in the case of *Brooks* v. *Railway Company* (*supra*, p. 443), that it is unnecessary to discuss it here. It is sufficient to say that, under the principle there laid down, that three miles is a part of the improvement, and the lien attaches to the whole of it. The fact that they consented that the court should limit it to the three miles can do appellants no harm.

*Decree affirmed.*