## William H. Karr v. Angeline Peter et al.

1. NOMINAL DAMAGES—*Breaches of Bonds—Building Contracts.*— Where a building contract stipulated that the contractor should pay all bills for material and labor and the accompanying bond provided that he should well and truly and promptly comply with all the provisions of

the contract, a failure on his part to pay any bill for material or labor will constitute a breach of the bond, but unless it is shown that the owner is liable for the payment of such bill only nominal damages can be recovered.

**Debt**, on an indemnifying bond. Appeal from the Circuit Court of Massac County; the Hon. JOSEPH P. ROBARTS, Judge, presiding. Heard in this court at the February term, 1895. Reversed and remanded. Opinion filed August 31, 1895.

COURTNEY & HELM, attorneys for appellant.

SAWYER & EVANS, attorneys for appellees.

MR. PRESIDING JUSTICE SCOFIELD DELIVERED THE OPINION OF THE COURT.

Aappellnt was sued as the surety upon a bond, the condition of which is as follows:

" The condition of the above obligation is such that whereas the said W. A. McElyea did, on the 24th day of May, A. D. 1890, enter into a written contract with the said Angeline Peter and Maria Baccus to build for them a house of the description stated and shown in the said written contract and specifications thereto attached, and to alter and annex a certain old building in the erection of the said house, for the sum of four hundred and thirty-five dollars and fifty cents, and to begin said house on or before the 1st day of July A. D. 1890, and complete the same on or before the 15th day of September, A. D. 1890:

" Now, if the said W. A. McElyea shall well, truly and promptly comply with the provisions of the said contract, to be performed by him, and build the said house in a good and workmanlike manner, and within the time and of such material as stipulated in the said written contract and upon the plans shown by the said written contract and the specifications, then the above obligation to be void, otherwise to remain in full force and effect."

A verdict was returned in favor of appellees for $235 damages and a judgment was accordingly rendered against appellant, in the usual form, to be satisfied by the payment of the damages and costs.

Karr v. Peter.

The court, at the instance of appellees, gave to the jury the following instruction: "In this case, if you find the issues for the plaintiff, you are instructed that in fixing the amount of the plaintiff's damages, you should consider what it would cost to put the house in the condition the defendant McElyea agreed to put it, and if he abandoned the work before its completion, then you should ascertain what it did reasonably cost to complete it as he agreed to do, and also what the plaintiff is liable to pay to sub-contract (ors) on account of the failure of McElyea, if the evidence before you furnishes you the means of doing so, and from all these matters you should, in one sum, assess the plaintiff's damages."

The contract for the erection of the building stipulated that McElyea should pay all bills for material and labor; and under that clause of the condition of the bond which provided that McElyea should well, truly and promptly comply with all the provisions of the contract, a failure on his part to pay any bill for material used or labor performed in the erection of the house, according to the terms of the contract, would constitute a breach of the bond.

While this is true, it is also true that only nominal damages would be recoverable for such a breach of the bond, unless it be shown that appellees are liable for the payment of the bills, or some of them, which McElyea has failed to pay.

Appellees were the owners of the premises, and could become liable to sub-contractors only to the extent and in the manner specified by the statute. The statute in force in 1890, the time when the building in question was erected, provided for a lien on the premises in favor of sub-contractors. But this lien was not to attach unconditionally. The owner of the premises has some rights, and is entitled to receive some degree of protection under the law. If the owner demands the statement provided for in Sec. 35 of the act concerning liens, and pays money to the contractor conformably to the requirements of the statute, he is protected against the claims of all sub-contractors who have not

given him written notice of their claims under Sec. 30 of the lien law.

The evidence shows that appellees have paid to the contractor the full amount specified in the contract, but does not show that this payment was made without requiring a written statement of the amount due sub-contractors, or in violation of rights arising under such a statement, or that appellees received notice from any sub-contractor of his claim. Under this record, therefore, there was no lien on the premises in favor of any sub-contractor. Hence, appellees were not actually damaged by the non-payment of amounts due sub-contractors, and could not recover such amounts from appellant on his bond, and the instruction which authorized such a recovery was erroneous.

This error might be overlooked as harmless if the record showed that no part of the damages recovered was on account of the non-payment of bills due sub-contractors. But such an inference is not deducible from the record. On the contrary it is probable that the jury, under this instruction, allowed appellees for part or all of these unpaid bills.

We deem it unnecessary to discuss the other points argued, inasmuch as the case must be submitted to another jury, and the suggestions of counsel in the arguments here will point the way to greater accuracy in the framing of instructions for another trial.

For the errors indicated, the judgment is reversed and the cause is remanded.