F. H. Dowler, Trustee, *v.* Georgia Enterprises, Inc.

(*Nashville,* December Term, 1930.)

Opinion filed January 19, 1931.

BACHMAN, WILKERSON & WILKERSON, for complainant, appellant.

SIZER, CHAMBLISS & SIZER, for defendant, appellee.

MR. JUSTICE COOK delivered the opinion of the Court.

Defendant owed complainant a debt, which bore interest at six per cent per annum. The bill was filed, under the declaratory judgments law, to determine the rule for computing the interest. The contract creating the obligation contained this provision:

"And the balance, amounting to $160,000, to be paid by 'Georgia' either by (a) promissory notes of 'Georgia' to the order of F. H. Dowler, Trustee, payable at Hamilton National Bank, bearing date one week after the last payment on the latest maturing of the three promissory notes mentioned in subdivision (d) of this Article, and payable one year after said date, with interest at six per cent (6%) per annum, payable at maturity; or, at 'Georgia's option, (b) in equal weekly installments of $1500 per week, payable at Hamilton National Bank, to F. H. Dowler, Trustee, first installment to be payable one week after the last payment on the latest maturing of the aforesaid three promissory notes and following installments to be payable during each successive week, excepting weeks occurring during the months of July and August, until the total principal amount of $160,200 shall have been paid thereby.

"(1) 'Georgia' shall also pay interest from February 28, 1924, to actual dates of payment, upon all unpaid balance of the purchase price of $500,000, payment thereof to be computed and made at the Hamilton National Bank to F. H. Dowler, Trustee, at the time of making the final payment on principal of the said purchase price. 'Georgia' shall pay interest on principal amounts *once* only, and any and all interest paid on notes to the banks mentioned in subdivision (d) of this Article, shall be credited to 'Georgia' in the final computation of interest."

The chancellor held:

 That the method prescribed by the contract should control and interpreted the last quoted paragraph to mean that partial payments should be first applied to reduce and discharge the principal and when the sum of

the partial payments equaled the principal, the interest on the principal and unpaid balances of the principal should be computed from January 28, 1924, to the date of the last payment and paid once for all.

Upon this feature of the controversy, the chancellor found against the contention of complainant, who insisted on the United States rule of computing interest, applied as in *Scanland* v. *Houston*, 5 Yerg., 310; *Jones* v. *Ward*, 10 Yerg., 160, and *Bank* v. *Williams*, 3 Cold., 582.

The chancellor held that according to general custom, of which the court could take judicial knowledge, a year is to be treated as twelve periods of thirty days each, or 360 days instead of 365 days, in computing time, and as result of the difference of five days in computing the time, the defendant owed complainant an unpaid balance of interest of $304.98 due as of December 31, 1928, and for that sum with interest to February 19, 1930, he gave a decree for complainant. Both parties appealed 'and have assigned errors.

Ordinarily when partial payments are made on interest bearing obligations, the United States Rule for computing interest as applied in *Scanland* v. *Houston*, 5 Yerg., 310, would control. By this rule the payments are applied first to the discharge of interest accrued at the date of each partial payment, and the balance, if any, toward paying the principal. This rule inures to the creditor's benefit especially where the payments are numerous and the period between them short; as illustrated by applying it to a $2,000 obligation payable a year from date upon which the debtor pays $10 a month. Observe that the payments do not exceed interest. If the debtor had let interest run on the debt, and put out at interest the sums applied to the partial payments, he

would have had $123.30 available for payment when the interest bearing obligation would have increased only $120.

■ The general rule referred to and illustrated may be varied by contract if it does not savor of usury. The contract could not control the computation of interest or the time interest should run so as to increase the rate beyond six per cent per annum. Shannon's Code, section 3443; *Bank* v. *Williams, supra; Ward* v. *Brandon,* 1 Heisk., 495; *American Co.* v. *Carroll,* 104 Tenn., 489.

■ But the parties may agree that the partial payments shall be first applied to the principal. Here the parties agreed that the payor should pay interest once only, from February 28, 1924, to actual dates of payment, upon unpaid balances of the debt, to be computed and paid on the date of the last payment. This varied the general rule and substituted another method. Its application is illustrated by an interest bearing obligation of $2,000 payable a year from date upon which $1,000 is paid in six months and the balance at the end of the year. The first payment extinguished half the debt and reduced the interest bearing obligation to $1,000, giving the creditor $60 interest on $2,000 for the first period, and $30 interest on $1,000 for the second period, a total of $90 interest instead of $91.80 under the United States Rule.

Computed by the general rule instead of that provided by the contract of the parties, the difference on the principal obligation from defendant to the complainant would have been something over $2500. The chancellor applied the rule prescribed by the contract of the parties, and to that extent his decree is correct and should be affirmed.

██ But we find no authority in this State and no general custom to sustain the chancellor in holding that a year should be treated as 360 days or twelve periods of thirty days each. By a statute, Shannon's Code, section 64, a month is declared to be a calendar month and a year is declared to be a calendar year, which is 365 days. Such was the common law. Section 3493 of Shannon's Code fixed the interest rate at six per cent per annum and declared that every excess over that rate is usury.

██ In controversies concerning usury, it is said that any method through which a usurious rate of interest may be obtained is a violation of law. *Ward* v. *Brandon, supra.* In view of our statutes and decisions, the adoption of any custom that would shorten the calendar year and correspondingly increase the rate of interest beyond six per cent for the calendar year could not be sustained.

The decree of the chancellor directing that time be computed at 360 instead of 365 days a year was erroneous and to that extent his decree is reversed.

As modified, the decree of the chancellor is affirmed.