[No. 27828. Department Two. March 1, 1940.]

WESTERN CONSTRUCTION CO., INC., *Respondent*, v.
ROBERT L. AUSTIN *et al.*, *Defendants*, ABE
SHERMAN, *Appellant*.[1]

*Charles F. Riddell* and *William C. Taylor,* for appellant.

*Ralph B. Potts,* for respondent.

BLAKE, C. J.—This is an action on a contract of guaranty. November 12, 1937, plaintiff entered into a contract with the United States government for the con-

[1]Reported in 99 P. (2d) 932.

struction of a post office building at Snohomish. On November 26th, plaintiff and Robert L. Austin entered into a contract whereby the latter agreed, for a consideration of $6,330, to "furnish all material and perform all labor for the plumbing and heating and sewer work." On March 14, 1938, Austin assigned "all moneys due and to become due for the performance of said contract" to the National Bank of Commerce of Seattle for the account of A. Sherman. The latter was engaged in the business of selling plumbing supplies under the trade name of Sherman Plumbing Supply Company. On February 11, 1938, he made an agreement with plaintiff as follows: [Exhibit 2]

"Agreement

"This Agreement made this eleventh day of February, Nineteen Hundred and Thirty-Eight, by and between Sherman Plumbing Supply Co. and/or A. Sherman and Western Construction Co. Inc.

"IN CONSIDERATION of the Western Construction Co. Inc., acknowledging an assignment of the money due or to become due Austin Plumbing and Heating Company on the contract for the plumbing and heating for the Snohomish, Washington postoffice, to the National Bank of Commerce of Seattle, Washington, the Sherman Plumbing Supply Company guarantees that all bills for labor and material will be paid under the terms of the contract.

"Dated at Seattle, Washington, this 11th day of February, 1938.

"[signed]   A. Sherman
                   A. Sherman
"Sherman Plumbing Supply Company
"By [signed]   A. Sherman
"Western Construction Co. Inc.
"By J. A. Johnson"

Plaintiff thereafter paid all moneys which became due to Austin to the National Bank of Commerce for the use of Sherman until there was a balance due under Austin's contract of only $1,159.50. At the time

this balance was due, it developed that Austin owed some $2,600 on account of heating and plumbing supplies that had gone into the job.

Upon Sherman's refusal to pay Austin's bills, plaintiff brought this action and recovered a judgment against him in the sum of $1,495.92. Sherman appeals.

Appellant urges that respondent's action must fail because no substantial damages were proved. Respondent's case was presented on the theory that it was only necessary to prove that Austin had incurred obligations for materials going into the job, the reasonable value thereof, and failure to pay therefor. There was no proof whatsoever that respondent had incurred any individual liability to Austin's creditors. Nor was there proof of any steps taken by Austin's creditors to establish liability against respondent's bond furnished pursuant to Title 40, U. S. C. A., § 270. In other words, respondent failed to prove that either it or its bond was in any legal sense liable for Austin's obligations.

■ As we view the record, the recovery had by respondent was in the nature of a decree of specific performance, because the amount of the recovery was based solely upon Austin's obligations which Sherman had guaranteed but failed to pay. Such, however, is not the nature of an action for breach of a contract of guaranty. 1 Brandt, Suretyship and Guaranty (3d ed.), § 142. The nature of the action is essentially one for damages for breach of contract. *Noyes v. Adams,* 76 Wash. 412, 136 Pac. 696; *Meyer v. Hornby,* 101 U. S. 728, 25 L. Ed. 1078.

■ The amount of the guarantor's liability is to be determined by the contract of guaranty. And that is to be construed in accordance with general rules of construction. 28 C. J. 963. In final analysis, that simply means that the measure of damages is the *loss* sustained by the guarantee by reason of the guarantor's breach.

28 C. J. 963; *Rawleigh Co. v. Langeland*, 145 Wash. 525, 261 Pac. 93. Upon guaranties of this character—to pay all bills for labor and material—it is generally held that the guarantee can recover only on such obligations as he, his property, or (in case of a public contract) his own bond is legally liable. *Rust v. United States Fidelity & Guaranty Co.*, 87 Wash. 93, 151 Pac. 248; *Karr v. Peter*, 60 Ill. App. 209. Nor can the guarantee fasten liability on the guarantor by making voluntary payments to creditors of the contractor. *Bon Marche Realty Co. v. Southern Surety Co.*, 152 Wash. 604, 278 Pac. 679, 63 A. L. R. 1246; *Brill v. De Turk*, 130 Cal. 241, 62 Pac. 462; *Fuqua v. Tulsa Masonic Bldg. Ass'n*, 129 Okla. 106, 263 Pac. 660; *Union Indemnity Co. v. Vetter*, 40 Fed. (2d) 606; *Growall v. Pacific Surety Co.*, 21 Cal. App. 185, 131 Pac. 73; *Koenig v. American Surety Co.*, 56 Cal. App. 37, 204 Pac. 553.

Having, in contemplation of law, sustained no damage, respondent cannot maintain this action in its own behalf. Nor can it maintain the action on behalf of Austin's creditors. For there is no privity of contract between them and the guarantor, and there is nothing in the contract of guaranty to indicate that it was made for their benefit. *Armour & Co. v. Western Const. Co.*, 36 Wash. 529, 78 Pac. 1106; *Rust v. United States Fidelity & Guaranty Co., supra; Du Pont D. N. Powder Co. v. National Surety Co.*, 90 Wash. 227, 155 Pac. 1050.

Judgment reversed.

JEFFERS, BEALS, STEINERT, and GERAGHTY, JJ., concur.