[No. 28171. *En Banc.* November 15, 1940.]

W. H. SIBBALD *et al., Appellants,* v. CHEHALIS SAVINGS &
LOAN ASSOCIATION *et al., Respondents.*[1]

[1]Reported in 107 P. (2d) 333.

*Vaughn Evans,* for appellants.

*W. Grant Armstrong,* for respondents.

MAIN, J.—The complaint in this case contains two causes of action, separately stated. By the first, it is sought to recover what is claimed to be an overpayment of interest upon a promissory note. The second cause of action was dismissed by stipulation of the parties. The case was tried before the court without a jury, and, after the trial was concluded, the court wrote a memorandum decision in which it expressed the view that the plaintiffs were not entitled to recover, and also stated that there was five dollars due the plaintiffs by reason of an overcharge of interest. The same statement as to the five dollars was carried into the findings, but no judgment was entered for this sum. It was recognized by the defendants that this was an inadvertent overcharge, and they were ready and willing to pay it.

After the trial was concluded and the parties each had received a copy of the memorandum opinion, the plaintiffs presented findings of fact, conclusions of law, and judgment, which the court signed. The defendants had no notice that the findings were going to be presented, and no copy had been served upon them, as required by the Rules of the Superior Courts (Rule XV, 193 Wash. 62-a). After the defendants learned that the findings, conclusions of law, and judgment had been signed, they moved to vacate them. The trial court declined to make the vacation, because, immediately after the judgment was signed, the plaintiffs gave notice of appeal and filed a bond in support thereof. The court did, however, write on the findings proposed by the defendants a statement that they were substantially correct.

The facts will be stated only in so far as it appears necessary in order to present the questions here for

determination. June 1, 1925, the appellants, William H. Sibbald and Annie M. Sibbald, his wife, signed a promissory note in the principal sum of three thousand dollars, payable to the respondent Chehalis Savings & Loan Association. This note provided for monthly payments of fifty-two dollars until the note and interest should be fully paid, the interest being, as stated in the note, at the rate of eight per cent per annum from date. Following this provision in the note, there was another provision to the effect that the monthly installment so paid should be credited to the account of the appellants at the time of payment,

". . . but it is expressly understood and agreed that the computation of interest shall be as follows, to-wit: June 30th, after the date hereof, so much of the amount paid thereon, during the preceding period as may be necessary to pay the interest on the full amount of the face of this note for said period, shall be credited to the payment of the interest to time of said computation, and the remainder thereof shall be credited on the principal. Semi-annually thereafter the computation shall be made in the same manner on the new principal remaining after each semi-annual computation. . . ."

The note was secured by a real estate mortgage. Subsequent to the execution of the note and the mortgage, the Chehalis Savings & Loan Association assigned them to the respondent First Federal Savings & Loan Association of Chehalis, this state. The interest was computed by the respondents as the note specified that it should be.

During the year 1938, the appellants sold a right of way through the property covered by the mortgage to the state of Washington for $2,448, and assigned the moneys payable to them for the right of way to the First Federal Savings & Loan Association of Chehalis. This was applied on the balance due upon the note,

and the check for the remainder, in the sum of $795.05, was sent by mail to the appellants. Before it was collected, the manager of the association communicated with the appellants and stated that an error had been made, and that he had overpaid in the sum of $25.56. Request was made for the return of the latter sum, which was refused. Thereupon, the association stopped payment on the check. A subsequent check was mailed in the sum of $769.49, being the amount of the original check, less $25.56. This was accepted by the appellants. Thereafter, they brought the present action, seeking recovery of what they claimed to be an overpayment of interest, as above indicated.

In this connection, they contend that the interest should have been charged at the rate of eight per cent per annum, payable monthly, and the monthly payments provided for were first to take care of the accrued interest and then the balance to be applied upon the principal. If the interest was payable as the appellants contend, then it would be necessary to disregard the second provision in the note above set out, which specifies the method by which the interest shall be computed.

It is a cardinal rule of construction that a writing shall be interpreted as a whole, and all writings forming a part of the same transaction should be considered together. In Restatement of the Law of Contracts, 319, § 235, subd. (c), it is stated:

"A writing is interpreted as a whole and all writings forming part of the same transaction are interpreted together."

We see no conflict between these two provisions in the note. One deals with the rate of interest, and the other covers the matter of how that interest shall be computed. It may be that, were it not for the second provision in the note, the appellants' method

of computing the interest would be the correct one. The parties had a right to make any contract that they saw fit relative to the interest, so long as it did not savor of usury. *Dowler v. Georgia Enterprises,* 162 Tenn. 59, 34 S. W. (2d) 445.

It is true that the amount of interest, as computed under the second provision of the note, amounted to a substantial sum more than it would have under the provision that the appellants relied upon, but it falls far short of amounting to an usurious charge. The trial court correctly held that the appellants were not entitled to recover what they claimed was excessive interest.

The further contention is made that the appellants were entitled to a judgment in the sum of five dollars and costs. The trial court denied costs to either party.

■ If the action is one of equitable cognizance, then the disposition of the costs was within the discretion of the trial court and would not be disturbed except in case of abuse. *Puget Sound Machinery Depot v. Granston,* 135 Wash. 424, 237 Pac. 1008; *Spencer v. Patton,* 179 Wash. 50, 35 P. (2d) 768. There is nothing in this case to indicate an abuse of discretion.

■ On the other hand, if the action be one at law, the respondents were entitled to their costs, inasmuch as no judgment was entered against them. Even if it be technically true that the appellants were entitled to a judgment of five dollars, that would not justify this court in reversing the judgment under the facts of this case. As above stated, the respondents recognized that they owed the five dollars; the trial court, in the memorandum opinion and in the findings, directed that it be paid; they were willing to pay it; and, subsequent to the signing of the judgment and the taking of the appeal, they paid the five dollars into the

208

registry of the court and served notice upon the appellants that they had done so.

The judgment will be affirmed.

ALL CONCUR.

[1]Reported in 107 P. (2d) 344.