[No. 28554.  *En Banc.*  July 16, 1942.]

ABE SHERMAN *et al., Respondents,* v. WESTERN CON-
STRUCTION COMPANY, INC., *Appellant.*[1]

*Ralph B. Potts,* for appellant.

*Riddell & Riddell, Kerr, McCord & Carey,* and *S. N. Greenleaf,* for respondents.

SIMPSON, J.—Plaintiffs instituted this action to recover a sum of money claimed to be due on a written contract.  The case, tried to the court, resulted in the entry of judgment in favor of plaintiffs.  Defendant has appealed.

The assignments of error relate to actions of the court in striking certain portions of appellant's defense and in the entry of findings of fact, conclusions of law, and judgment in favor of respondents.

[1]Reported in 127 P. (2d) 673.

The facts may be stated as follows: In November, 1937, appellant, as general contractor for the construction of a post office, agreed to pay Austin Plumbing & Heating Co. (hereinafter referred to as Austin) sixty-three hundred dollars to install the plumbing, heating, and sewer systems. Their contract provided in part:

"Payment to be made as follows: [provision for payment periods]. It is, however, understood that before each payment is made satisfactory evidence must be shown that all bills for labor and material have been paid."

As consideration for the advancement of money and material to Austin by respondent Sherman, the former assigned, February 8, 1938, to respondent bank, as security, money due and to become due under its subcontract with appellant. February 11, 1938, Sherman guaranteed to appellant the payment of all bills for labor and material incurred by Austin. In consideration for this guaranty, appellant executed March 23, 1938, its "consent, approval and acceptance" of the assignment, promising to pay respondent bank the money due Austin as well as waiving the condition precedent herein set forth with reference to payments expressed in the Austin subcontract. At the present time, appellant still owes the sum of $1,159.50 on this subcontract.

After performing the installation work, Austin had an indebtedness of twenty-five hundred dollars for materials used. Being the general contractor, payment was demanded of appellant, who, in turn, looked to Sherman's guaranty contract.

In conformance with the Heard act (40 U.S.C.A. § 270a), appellant, as contractor for a public building, executed its bond. To recover thereon, however, laborers and materialmen must comply with certain con-

ditions precedent. 40 U.S.C.A: § 270b. Because the creditors of Austin failed to establish their claims, the bond was never subjected to liability. Moreover, the contractor, under the act, is not liable for the obligations incurred by the subcontractors.

On Sherman's refusal to discharge Austin's obligations, appellant instituted action November 29, 1938, to recover on the guaranty contract the amount of the creditors' claims. On appeal, this court, in *Western Const. Co. v. Austin,* 3 Wn. (2d) 58, 99 P. (2d) 932, denied recovery, holding:

"There was no proof whatsoever that respondent [appellant here] had incurred any individual liability to Austin's creditors. Nor was there proof of any steps taken by Austin's creditors to establish liability against respondent's bond furnished pursuant to Title 40, U.S.C.A., § 270. In other words, respondent failed to prove that either it or its bond was in any legal sense liable for Austin's obligations."

for the reason that:

"The amount of the guarantor's liability is to be determined by the contract of guaranty. And that is to be construed in accordance with general rules of construction. 28 C. J. 963. In final analysis, that simply means that the measure of damages is the *loss* sustained by the guarantee by reason of the guarantor's breach. 28 C. J. 963; *Rawleigh Co. v. Langeland,* 145 Wash. 525, 261 Pac. 93. Upon guaranties of this character—to pay all bills for labor and material—it is generally held that the guarantee can recover only on such obligations as he, his property or (in case of a public contract) his own bond is legally liable. *Rust v. United States Fidelity & Guaranty Co.,* 87 Wash. 93, 151 Pac. 248; *Karr v. Peter,* 60 Ill. App. 209. Nor can the guarantee fasten liability on the guarantor by making voluntary payments to creditors of the contractor [Citing cases]."

Respondents, thereafter, initiated this action to recover the sum of $1,159.50, representing the balance due

on Austin's assignment to the bank. Appellant's main contention is that all the agreements between the various parties should be construed as one instrument; that, on Sherman's refusal to discharge Austin's indebtedness, he breached his guaranty contract with appellant; and that, as a result of this breach, Sherman and his privy, the bank, are now precluded from recovering from appellant.

The answer to this contention is found in *Western Const. Co. v. Austin, supra.* Because the creditors of Austin failed to establish their claims in compliance with 40 U.S.C.A. § 270b, and because appellant failed to prove that either it or its bond was liable for Austin's obligations, we held that Sherman, as guarantor, was under no contractual duty to discharge them. Regardless, then, of whether or not the bank is a privy, appellant is barred from employing Sherman's alleged breach as a defense. We conclude, therefore, that this action is governed by the *Western Const. Co.* decision.

Since appellant's other assignment of error, that the court erred in striking certain portions of its answer and amended answer, is based on the preceding contention, we find it, likewise, to be without merit.

The court did not commit error, and the judgment is therefore affirmed.

ROBINSON, C. J., MAIN, MILLARD, STEINERT, JEFFERS, and DRIVER, JJ., concur.

BEALS, J. (dissenting)—It seems to me that the majority misconstrue our opinion in the case of *Western Const. Co. v. Austin,* 3 Wn. (2d) 58, 99 P. (2d) 932, which was decided in favor of respondent Sherman (who in that case was appellant). Concerning the former case, the majority opinion states:

"Because the creditors of Austin failed to establish their claims in compliance with 40 U.S.C.A., § 270b, and because appellant failed to prove that either it or its bond was liable for Austin's obligations, we held that Sherman, as guarantor, was under no contractual duty to discharge them. Regardless, then, of whether or not the bank is a privy, appellant is barred from employing Sherman's alleged breach as a defense."

As I understand that opinion, we simply held that Western Construction Company (the plaintiff and respondent in that action) could not recover from Sherman, because in contemplation of law it had not been damaged. It was not held that Sherman had not breached his contract of guaranty, but merely that Western Construction Company (which will hereinafter be referred to as Western) could not recover against Sherman because it had not been damaged. Western did not ask for nominal damages, and the question of the allowance of such damages was not in the case. Possibly such damages would have been allowed if asked for. McCormick on Damages, p. 88.

The contract between Sherman and Western, by which the latter agreed to "acknowledge" the assignment to Sherman's bank, contains the following agreement by Sherman:

"The Sherman Plumbing Supply Company guarantees that all bills for labor and material will be paid under the terms of the contract."

If by this contract Sherman had agreed only to indemnify Western on account of losses which it suffered, then it could well be held, in the light of the prior case, that Sherman had not breached his contract with Western. As I read the contract, however, Sherman positively agreed to pay all bills for labor and material, and, as admittedly many of these bills were not paid, Sherman breached his contract. This breach, however, under the circumstances, resulted, as mat-

ter of law, in no damage to Western for which the latter could recover judgment against Sherman.

In the case of *Purdy v. Massey,* 306 Pa. 288, 159 Atl. 545, the supreme court of Pennsylvania, considering a somewhat similar matter, said:

"Is this bond one of guaranty or merely an indemnity against loss? 'The distinction between the two agreements is simply that between an affirmative covenant for a specific thing, and one of indemnity against damage by reason of the nonperformance of the thing specified': *Weightman v. Union Trust Co.,* 208 Pa. 449. In answering this question, the language of the bond itself should first be considered."

It seems to me that, in the case at bar, the language of the contract between the parties states "an affirmative covenant for a specific thing," and does not amount to a mere contract of indemnity.

In the case of *Moore v. Capital Nat. Bank of Lansing,* 274 Mich. 56, 264 N. W. 288, the supreme court of Michigan stated the definition between a contract of indemnity and one of guaranty, in the following language:

"The contract of guaranty or suretyship requires three parties, the principal, the obligee and the guarantor or surety. One of indemnity requires two parties, the indemnitor and the indemnitee. The indemnitor undertakes to save the indemnitee against loss arising from an unknown or contingent event. The contract of indemnity is one of insurance."

The distinction is also noted in Stearns on The Law of Suretyship (4th ed.), p. 37, footnote.

In the case of *Sherman, Clay & Co. v. Turner,* 164 Wash. 257, 2 P. (2d) 688, we said:

"No different rule is to be invoked in construing a guaranty than in construing any other agreement or contract."

By the contract between Sherman and Western, the former guaranteed "that all bills for labor and material will be paid under the terms of the contract." Sherman did not merely agree to indemnify Western in case of loss, but undertook that all bills of the classes referred to would be paid.

In the case of *Wood v. Canfield Paper Co.*, 117 Tex. 399, 5 S. W. (2d) 748, the court held that a party, who agreed that he would "personally guarantee the payment of your bills for paper ordered by the Popular Finance Publishing Corporation to the extent of $6,000," was liable as a guarantor. Sherman admittedly did not pay certain bills for labor and material, and he thereby breached his contract with Western.

In the case at bar, Sherman relies upon several authorities, but examination of those cases discloses that they concerned actions on indemnity bonds. Those cases, therefore, it seems to me are not in point.

Sherman also argues that, even though he did breach his contract with Western, such breach did not go to the essence of the contract, and is therefore no defense in this action. There is here no question of substantial performance, Sherman having breached his contract in its entirety.

Sherman, having failed to perform his part of the contract, cannot sue Western, claiming performance by it. In the case of *Power v. Chadwick*, 166 Wash. 398, 7 P. (2d) 24, we said:

"In order to maintain a suit upon a contract, a party must first show that he himself has performed the terms and conditions of the contract."

In the later case of *Downs v. Smith*, 169 Wash. 203, 13 P. (2d) 440, is found the following:

"It is true that one who seeks to enforce the terms of a contract against another or to recover damages for the breach of a contract by another must show that there has been no breach on his own part. This

is on the theory that one who has himself breached a contract can not thereafter enforce the contract against the other party. *Reddish v. Smith,* 10 Wash. 178, 38 Pac. 1003, 45 Am. St. 781, and many cases following."

The general rule is stated in 17 C. J. S. 932, § 452, as follows:

"Where the covenants or promises in a contract are dependent, only one who has performed, or tendered performance on his part, can enforce the contract."

In the prior suit between the parties, several times above referred to, this court held that Sherman enjoyed the protection of a shield as against an attack by Western. In the case at bar, Sherman seeks to use the shield, which this court held protected him, as a sword to attack Western. · This, in my opinion, he should not be allowed to do.

If Sherman cannot recover in this action against Western, neither can respondent bank, which was awarded judgment by the superior court not merely upon the assignment to it by Sherman, but upon the provisions of a document entitled "consent, acceptance and approval," by which Western acknowledged Sherman's assignment to the bank and promised to pay to the bank any moneys due. Sherman's assignment to the bank bears date February 9, 1938. Western received a duplicate of this assignment February 11th. On the latter date, Sherman executed, in favor of Western, his guaranty of payment in consideration of the acknowledgment by the latter of the assignment. The document entitled "consent, approval and acceptance" was executed March 23rd. It is manifest that the last dated instrument was based upon Sherman's contract of guaranty, which anticipated the subsequent acknowledgment of the assignment as consideration. The documents follow each other in orderly sequence, and clearly constitute one transaction.

The bank, as Sherman's assignee, acquired no greater rights to the benefit of the contract than Sherman acquired.

In the recent case of *Sibbald v. Chehalis Savings & Loan Ass'n,* 6 Wn. (2d) 203, 107 P. (2d) 333, we stated:

"It is a cardinal rule of construction that a writing shall be interpreted as a whole, and all writings forming a part of the same transaction should be considered together."

The same rule is contained in the Restatement of the Law of Contracts 319, § 235, subd. (c). Several other decisions of this court to the same effect might be cited.

The trial court apparently based its decision upon the terms of the "consent," and failed to consider the transaction as a whole.

Respondents (Sherman and National Bank of Commerce) are not entitled to recover judgment against appellant, Western Construction Company, and I accordingly dissent from the conclusion reached by the majority.

BLAKE, J., concurs with BEALS, J.