762 F.2d 1011
 Unpublished Disposition
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
YASUKO N. SAKAMOTO, ET AL., PLAINTIFFS-APPELLEES,
v.
JOHN A. WALKUP, ET AL., DEFENDANTS,
N.A.B. TRUCKING CO., INC., DEFENDANT-APPELLANT.
 NO. 84-5603
 United States Court of Appeals, Sixth Circuit.
 4/30/85
 
 ON APPEAL FROM THE UNITED STATES DISTRICT COURT FOR THE EASTERN DISTRICT OF TENNESSEE
 Before: CONTIE and WELLFORD, Circuit Judges; and EDWARDS, Senior Circuit Judge.
 PER CURIAM.
 
 
 1
 Defendants N.A.B. Trucking, Inc. and Walkup appeal the district court's denial of their motion to enter an order of satisfaction of judgment. Defendants contend that the court erred in applying payments by defendants to discharge first accrued post-judgment interest rather than the principal. For the reasons that follow, we affirm.
 
 
 2
 On April 26, 1979, plaintiffs (hereinafter, 'Sakamoto'), filed an action for the wrongful death of their father and husband alleging negligence by defendants N.A.B. and Walkup. On June 2, 1981, a final judgment was entered awarding $300,000 in compensatory damages against defendants jointly and severally, $900,000 in punitive damages against N.A.B., and $100,000 in punitive damages against Walkup. On March 9, 1982, the district court granted in part defendants' motion for judgment notwithstanding the verdict by reducing the award of punitive damages against N.A.B. to $500,000. The order further provided that '[t]he costs of the cause will be taxed unto the said defendants, with the plaintiffs being entitled to recover of the respective defendants interest at the legal rate from and after June 2, 1981.' On June 24, 1982, the order was amended to reflect plaintiff's acceptance of a remittitur of the punitive damages against N.A.B. to $300,000 and provided for interest 'on the judgment herein awarded at the legal rate from and after June 2, 1981.' On November 5, 1982, defendants paid $400,000 into the court, and on November 16, 1982, the money was ordered disbursed to plaintiffs. The parties agreed that the $400,000 would satisfy the $300,000 in compensatory damages awarded against the parties jointly and the $100,000 in punitives awarded against Walkup, 'but not the interest thereon.' The order provided that 'the judgment interest thereon, which will have accrued from the applicable date and at the applicable rate until said $300,000 [100,000] was deposited in Court, is not released but is reserved for later determination by this Court.' The order further provided:
 
 
 3
 The parties hereby agree to reserve for future determination by the Court and payment by or on behalf of the defendants the amount of statutory interest applicable to the aforesaid judgments of $300,000 and $100,000 respectively, which will have accrued from the applicable date and at the applicable rate until the aforesaid sums have been deposited with the Court.
 
 
 4
 On September 27, 1983, the judgment of the district court with respect to the award of punitive damages against N.A.B. was affirmed by this court. On November 30, 1983, defendants paid $286,218.40 into the court, and on December 8, 1983, the parties agreed to an order which provided:
 
 
 5
 Subject to the terms and provisions of the Settlement Order heretofore entered herein on November 16, 1982, it is understood by the parties that the plaintiff does not accept the sum of Two Hundred Eighty-Six Thousand Two Hundred Eighteen and Forty Cents ($286,218.40) as full satisfaction of the liability of the defendants for the judgments rendered herein and post-judgment interest;
 
 
 6
 The defendants agree that plaintiff may withdraw the sum of Two Hundred Eight-Six Thousand Two Hundred Eighteen Dollars and Forty Cents ($286,218.40) or any portion thereof, without prejudice to her rights or contentions regarding the total amount due to her from the defendants on the judgments rendered herein, the amount of interest due to the plaintiff on the aforesaid judgments, and/or credits, if any, claimed by the defendants.
 
 
 7
 On December 13, 1983, the district court entered an 'Order on Mandate' providing that plaintiffs 'have and recover of the defendants interest on such judgments commencing on June 2, 1981, at the rate of eight percent (8%) per annum through and including June 30, 1981, and thereafter commencing on July 1, 1981, at the rate of ten percent (10%) per annum until satisfied.'
 
 
 8
 On April 19, 1984, defendant N.A.B. paid $144,907.44 into the court. On May 23, 1984, the court issued an order denying N.A.B.'s motion seeking an order of satisfaction of judgment. The court rejected N.A.B.'s argument that the $286,210.40 should have been applied to discharge the principal amount of the judgment before being applied to interest. The court determined that there was $4,980.77 'left owing on the judgment as of May 2, 1984, which includes post-judgment interest. Post-judgment interest is accruing from May 2, 1984, at the rate of One Dollar and Thirty-six Cents ($1.36) per day.'
 
 
 9
 28 U.S.C. Sec. 1961 provides in pertinent part:
 
 
 10
 Interest shall be allowed on any money judgment in a civil case recovered in a district court . . . Such interest shall be calculated from the date of the entry of the judgment, at the rate allowed by State law.
 
 
 11
 'In a diversity case, state law governs the award of post-judgment interest.' Parsons & Whittemore Alabama Machinery and Services Corp. v. Yeargin Construction Co., Inc., 744 F.2d 1482, 1484 (11th Cir. 1984); Budge v. Post, 643 F.2d 372, 375 (5th Cir. 1981); Michael-Regan Co., Inc. v. Lindell, 527 F.2d 653, 659 (9th Cir. 1975); Woodmont, Inc. v. Daniels, 290 F.2d 186, 187 (10th Cir. 1961); American Anodco, Inc. v. Reynolds Metals Co. 572 F. Supp. 895, 896 (W.D. Mich. 1983), aff'd, 743 F.2d 417 (6th Cir. 1984). Tennessee law establishes the following rule regarding the apportionment of partial payments between interest and principal.
 
 
 12
 The payment is first to be applied in discharge of the interest due, and the balance in discharge of the principal, or, what amounts to the same thing, where the payment is equal to the interest or exceeds it, the interest is calculated on the principal sum up to the time of payment, the payment is then deducted from the amount, and the balance stands as principal.
 
 
 13
 Jones v. Ward, 18 Tenn. 160, 170 (1836); Cumberland Capital Corp. v. Patty, 556 S.W.2d 516, 532 (Tenn. 1977); In re Bogan, 281 F. Supp 242, 247 (W.D. Tenn. 1968); Dowler v. Georgia Enterprises, Inc., 162 Tenn. 59, 62, 34 S.W.2d 445 (1931); Mills v. Mills, 40 Tenn. 705, 709 (1859). A similar rule is followed in other jurisdictions. Spang Industries, Inc. v. Aetna Casualty and Surety Co., 512 F.2d 365, 371-72 (2d Cir. 1975); Mardel Securities, Inc. v. Alexandria Gazette Corp., 320 F.2d 890, 898 (4th Cir. 1963); Aviation Credit Corp. v. Conner Air Lines, Inc., 307 F.2d 685, 688 (5th Cir. 1962), cert. denied, 371 U.S. 954 (1963). In fact, this rule, called the 'United States rule . . . has been followed by the federal courts for almost a century and a half.' Devex Corp. v. General Motors Corp., 749 F.2d 1020, 1924 n.6 (3d Cir. 1984).
 
 
 14
 The $400,000 initially paid by defendants was applied directly to the principal by agreement of the parties. The orders in this case establish that no such agreement applied with respect to future payments. Further, defendants knew from the March 9, 1982 order that interest would be assessed at the legal rate. Awarding interest at the legal rate is not indefinite or uncertain where a state statute establishes the rate of interest, Budge, 643 F.2d at 375, as does T.C.A. Sec. 47-14-121. The district court did not err in holding that the partial payments should be first applied to accrued post-judgment interest on the principal, before being applied to discharge the principal itself.
 
 
 15
 Accordingly, the judgment of the district court is AFFIRMED.